## DAYTON (City), Plaintiff-Appellee, v. HICKLE, Defendant-Appellant.

Ohio Appeals, Second District, Montgomery County.

No. 2231. Decided April 2, 1953.

William P. Keane, Pros. Atty., Dayton, for plaintiff-appellee.
Sharts, Singer & Brown, Dayton, for defendant-appellant.
Landis, Ferguson, Bieser & Greer, Dayton, Brief, amicus curiae.

## OPINION

By HORNBECK, J.:

The appellant was convicted in the Municipal Court of the City of Dayton, Ohio, of the violation of Section 339 of the General Ordinances of that city.

The contention of appellant below, and here, is that the ordinance under which he was prosecuted is unconstitutional as violative of the Ohio and Federal Constitutions.

The ordinance involved provides:

"The Director of Public Safety, after the consent of the abutting property owner has been first secured, may designate certain street spaces alongside the curb as taxicab stands. Said stands shall be areas restricted from the general parking of vehicles, and shall be indicated by appropriate signs setting forth that fact. It shall be unlawful for any vehicles other than taxicab operators exclusively authorized by the Director of Public Safety so to do, to park in said restricted area so

marked. Also, the Director of Public Safety, in a similar manner, may designate one or more restricted areas for the general parking of taxicabs indicated by signs. It shall be unlawful for any vehicle other than a taxicab to park within such restricted area * * * "

The appeal is submitted upon an agreed statement of facts as follows:

"Appellant, Robert L. Hickle, parked a Chevrolet Sedan Taxicab, License No. 9454 SG, in front of 38 West First Street, Dayton, Ohio, in a space restricted for the use of the Yellow Cab Company, on the first day of August, 1952. Said Taxicab was owned by the Checker Cab Company. Both the appellant and said Company are duly licensed and authorized to operate taxicabs on the streets of said City. The authority for the restricting of said space for the exclusive use by the Yellow Cab Company is Section 339 of the Code of General Ordinances of Dayton, Ohio. The consent of the abutting property owner, The Van Cleve Hotel, had been first secured, together with that of the Safety Director of said City. Said Safety Director set aside said space for the exclusive use of the Yellow Cab Company. Appellee has complied with all formalities set forth in Section 339. Appellant's testimony was that he would have earned more money than he was able to earn on said date if he had the right to use the various stands now exclusively held by other cab companies. Appellant was charged with violating Section 339, and he pleaded not guilty by reason that Section 339 is unconstitutional. The Court found Section 339 to be constitutional and that appellant was guilty of violating said Section. The Court fined appellant five dollars and assessed costs to him."

Four errors are assigned, but the validity of the judgment under review depends upon the determination of the question of its constitutionality.

Appellant urges that the ordinance under consideration is an unlawful delegation of legislative power to the Safety Director and the abutting property owner; that it is unreasonable, arbitrary and discriminatory; that it deprives citizens of the equal protection of the law and of their freedom to contract; that it is a combination in restraint of trade.

Counsel for the parties have fully briefed all questions presented. Inasmuch as we are of opinion that one case is determinative of the judgment in this Court, it will serve no good purpose to consider and discuss the various constitutional principles involved.

The **City of Cincinnati v. Cook, 107 Oh St 223,** is, in our judgment, authority for the holding that the ordinance here

under consideration is unconstitutional and invalid because, as held in the second syllabus of the foregoing case, "of its attempted delegation of legislative power, and for the reason that it is violative of the equal protection of the law guaranties of the state and federal constitutions."

The court in the Cook case had under consideration an ordinance of the City of Cincinnati which made it unlawful for any driver or operator of any vehicle to permit his or her vehicle to stand in front of a certain railroad passenger station therein named, between points designated, "unless the permission to stand had been granted by the person having the supervision over said passenger station."

The only substantial difference between the Cincinnati ordinance and the Dayton ordinance is that the latter requires, as a requisite to the exclusive use of the taxicab stand, not only the consent of the owner of the abutting property, but also the designation of the Director of Public Safety. This does not affect the application of the adjudication in the Cook case. In the ordinance here under consideration there is a delegation of certain power to the property owner, although it is not complete as in the Cook case. The opinion of Judge Matthias in the Cook case is, in its entirety, applicable and, in our opinion, completely dispositive of the issues in this case.

We have a brief amicus curiae on behalf of defendant-appellant, and therein is cited, as in appellant's brief, §3635 GC authorizing municipalities to establish ordinances for hackney coaches, cabs, or omnibuses, and to enforce the observance and use thereof. It is probable that the City of Dayton is controlled only by its charter, which enables it, subject only to the constitutional provision that those ordinances shall not be in conflict with general law, to legislate on the subject of the establishment of cab stands. But the authority under §3635 GC, which is probably the extent of the authority of the City of Dayton, must be considered in its constitutional aspect.

If this section is construed so as to authorize a municipality to fix cab stands and restrict their use exclusively to one cab company, as against all others, such legislation would be unconstitutional. It is implied in §3635 GC that there will be an equitable establishment of stands for taxicabs.

From the stipulation of facts we can not say that a monopoly has been created by the action of the Director of Public Safety and the owners of property in establishing exclusive cab stands for The Ohio Yellow Cab Company, but the legislation under which they act affords ample opportunity to create a monopoly.

We do not express any opinion on the other grounds of unconstitutionality of the ordinance presented and argued on the errors assigned.

The judgment will be reversed and the defendant will be discharged.

WISEMAN, PJ, MILLER, J, concur.