496

**STATE, Plaintiff, v. WILLIAMS et, Defendants.**

Common Pleas Court, Montgomery County.

Nos. 1947 MSD, 1948 MSD.   Decided September 23, 1957

Mathias H. Heck, Pros. Atty., Frank C. Short, Asst. Pros. Atty., for plaintiff.
Samuel McCray, for defendants.

## OPINION

By McBRIDE, J:

The within two cases charging the defendants with operating motor vehicles on a public highway without a license were transferred to this court from that of the justice of the peace and submitted upon an agreed statement of facts and briefs of counsel.

The agreed statement of facts recites:

"1. Michael Kling and George Kling are the owners in fee simple of land in Moraine Township, Montgomery County, Ohio; the eastern boundary of this tract is the center-line of East River Road and said tract extends west of said road.

"2. Michael Kling and George Kling are purchasing, by land contract executed in 1953, with the true owner as vendor, a tract of land adjoining the above-mentioned land, the western boundary of this tract being the center-line by East River Road, and this tract extending east from said road. This contract is now in effect, and has been in effect at all times since 1953. The Klings hold equitable title to this tract.

"3. George and Michael Kling are likewise partners doing business under the firm name and style of Central Sand and Gravel Co.; and as such partners and in such business operation they dig sand and gravel from various pits located on the above land, one of which pits is located on the east side of the E. River Road; they also operate a crusher into which said sand and gravel is deposited for a crushing operation; and this crusher is located on the west side of East River Road.

"4. The Klings, as a part of this sand and gravel operation, use six dump trucks; no motor vehicle licenses are purchased for these dump trucks.

"5. In the event that motor vehicle licenses were required to be purchased for these trucks, it would cost approximately $1500.00 annually, based upon current license rates.

"6. The State of Ohio owns only the easement for public roadway purposes over the land on which that part of East River Road involved herein is located. The fee simple title to the western half of the section of East River Road involved herein is in the Klings. The equitable title to the eastern half of the section of East River Road involved herein is in the Klings, with legal title in Klings' vendor.

"7. The defendant Kermit C. Williams and defendant, Lonzer Bruce, Jr., when arrested were acting as employees of the Klings, and were making one of their ordinary and repetitive runs with dump trucks owned by the Klings, carrying sand and gravel from the pit located on the east side of the East River Road to the crusher located on the west side of the East River Road, and then returning for another such run. The trucks were being driven by the defendants up and down East River Road, and not merely across said road. At the time of their arrest (as at all other times) the dump trucks were using only that part of the

East River Road, the public highway, which was located inside the boundary of the land described in Numbers 1 and 2 above; and they were using the public roadway only for the purpose of moving the Klings' trucks about on the Klings' own land in the course of the Klings' business; the defendants were not using the dump trucks to proceed to any other portion of the community other than the Klings' land.

"8. After the arrest of the defendants, the arresting officer impounded each truck."

While the interests of the owners in the real estate arises from separate transactions and is in part legal and in part equitable, Michael Kling and George Kling are the owners of land on both sides of East River Road and they are the owners of the land traversed by the public highway subject to the easement for public use. This interest in land, including the land used by the public, is subject to real estate taxes. 20 O. Jur., 805.

The Attorney General has ruled that a corporation which owns the abutting land on both sides of a public highway lying outside of a municipality is not required to pay the motor vehicle tax levied upon the operation of motor vehicles under the provisions of §6291 GC, for the operation of trucks used by it in connection with its business, where such operation consists merely of crossing such public highway at right angles, when passing from one part of its land to another. This court concurs in the opinion of the Attorney General for the reasons and upon the authorities set forth in this opinion. 1942 O. A. G. 397. Such use of the highway constitutes the use by an owner of his own property and it does not interfere with the public use.

In the instant criminal cases the State relies upon a distinction between crossing a public easement at right angles and the use of such easement by a forward movement of travel over such easement, all of which is exclusively upon land held privately in fee. The opinion of the Attorney General is correctly based upon the constitutional right of the owner to use his land and is not based upon the nominal nature of the use.

The facts in the instant cases must be distinguished from the rights of abutting owners in municipal corporations in which title to the streets and roads is held by the corporation in fee and in trust for the public. The law is too clear to require citations that where the fee to the roadway is in the abutting owner, his title is not a contingent interest or a mere expectancy, but is a present subsisting ownership of the fee. He has full dominion and control over the land, and all the rights of an absolute owner of the soil, subject only to the easement and servitude in favor of the public. He may use his land for his own purposes in any way not inconsistent with the public easement. 25 Amer. Jur., 432. So long as the owner remains exclusively upon his own land his use is not subject to a franchise or license tax even though a public easement exists. Such owner cannot be compelled to pay compensation for his own use of his own land. Sears, Trustee, v. City of Chicago, 247 Ill 204; Colegrove Water Company v. City of Hollywood, 151 Cal 425; 25 Amer. Jur., Sec. 136, page 434.

In this instance the constitutional requirement that general statutes

be equal and uniform has no application because the owner is exercising his property right and not a privilege or immunity accorded under the public easement. The question of discrimination does not arise where the individual rights are not similar or equal.

The appropriate public authority has the right to regulate and control the use of the easement by the public and cannot grant any special privilege to the owner. City of Cincinnati v. Cook, 107 Oh St 223; City of Dayton v. Hickle, 68 Abs 161, (App) 122 N. E. 2d 40; Roller v. Stoecklein, (CP) 143 N. E. 2d 181, 75 Abs 453. The owner is subject to all regulations respecting public safety and operation, such as parking, speeding and the like. He may not use such public way in any manner different from or inconsistent with that of the general public. However, his right to use in a proper manner that portion of the highway easement which traverses his property is not subject to a tax so long as he retains the right to all uses of the land not inconsistent with the public right of improvement and travel. It is well established that title to the fee of a county highway generally remains in the adjoining owner, and he retains ownership of the land, subject only to the public easement. Ohio Bell Telephone Co. v. Watson Company, 112 Oh St 385. A license tax under the circumstances indicated in this case would constitute an appropriation of a separate private right without process or compensation. Cleveland Furnace Company v. Railway Company, 9 ONP (NS) (432) 426. In addition it would be an unequal tax imposed upon a private business conducted exclusively upon private property. The state has the right to exact reasonable compensation for special facilities afforded or special privileges granted but it has no reasonable right to exact such a tax against one who already owns such right or privilege.

This being a criminal action and involving a tax the customary rules of strict construction must be applied.

Verdict: Not Guilty.