COLBURN, Appellant,

v.

MAYNARD; Compher, d.b.a. Tollgate Inn, Appellee.

[Cite as *Colburn v. Maynard* (1996), 111 Ohio App.3d 246.]

Court of Appeals of Ohio,
Fourth District, Pike County.

No. 95 CA 556.

Decided May 24, 1996.

*O'Brien & Lyden Co., L.P.A.*, and *Kevin O'Brien*, for appellant.

*Mowery, Brown & Blume* and *J. Rick Brown*, for appellee.

---

PETER B. ABELE, Presiding Judge.

This is an appeal from a summary judgment entered by the Pike County Common Pleas Court in favor of Paul Compher, d.b.a. Tollgate Inn, defendant below and appellee herein, and against Patrick A. Colburn, plaintiff below and appellant herein.

Appellant assigns the following error:

"The lower court erred in holding that a liquor permit holder is not liable for a third parties' injuries, inflicted in the permit holder's parking lot by an intoxicated patron, on the grounds that the city's right-of-way over the lot deprives the permit holder of the control necessary to establish liability."

The pertinent facts are not in dispute. On the night of November 29, 1991, appellant was driving on Second Street in Waverly, Ohio when he saw James Ronald Maynard, Sr., assaulting someone in the Tollgate Inn parking lot. Appellant stopped his vehicle and attempted to stop the assault. During the ensuing altercation, Maynard stabbed appellant.

On November 4, 1992, appellant filed a complaint against Maynard and Tollgate Inn owner, appellee Paul Compher, alleging an intentional tort against Maynard and a negligence action against Compher based on alleged violations of R.C. 4399.18 and 4301.22. On July 6, 1994, the court granted appellant a default judgment against Maynard.[1]

On April 25, 1994, by agreement of the parties, the court heard appellee's oral motion for summary judgment.[2] The parties stipulated to certain facts and asked the court to confine its ruling to whether appellee could, as a

---

1. We note that James Ronald Maynard, Sr., is not involved in this appeal.

2. All of the evidence provided to the court below came in the form of oral testimony presented after appellee's oral motion for summary judgment. We note first that a motion brought pursuant to Civ.R. 56, the summary judgment rule, should typically be in writing and the hearing on the motion should be held no fewer than fourteen days after service to the nonmoving party. Civ.R. 56; 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d (1983) 15, Section 2719; *Hanson v. Polk Cty. Land, Inc.* (C.A.5, 1979), 608 F.2d 129,

matter of law, have controlled the parking lot. Appellee noted that a municipal right-of-way extends into his property, including the location where the stabbing occurred. Testimony adduced at the hearing revealed that appellee was the owner in fee of the land on which the parking lot sits. Testimony also revealed that a municipal right-of-way extends from the center of Second Street into a portion of the land owned by appellee, including the location of the stabbing. In its May 25, 1995 judgment entry, the court granted appellee summary judgment because the right-of-way that extends into appellee's parking lot deprives appellee of the control needed to be held liable under R.C. 4399.18. Specifically, the court found that appellee could not control the area within the right-of-way because appellee had no right to admit or exclude people from that area. Appellant filed a timely notice of appeal.

---

131. In the interest of clarifying which issues are to be contested, and in the interest of allowing all parties and the court an adequate time to prepare, deviations from this rule should be rare. In the instant case, however, the record reflects that the parties waived any objections regarding the timing of the motion and the court agreed to hear the motion.

We further note that oral testimony presented for the first time at a hearing on a motion for summary judgment cannot be considered by the court when deciding the motion. *Carrabine Constr. Co. v. Chrysler Realty Corp.* (1986), 25 Ohio St.3d 222, 25 OBR 283, 495 N.E.2d 952; *Chemsafe Internatl. v. Fongheiser* (Aug. 9, 1995), Summit App. No. 17041, unreported, 1995 WL 491066. However, both parties clearly agreed that the court should consider the oral testimony when deciding the motion. Moreover, appellant did not object to this procedure at the hearing and does not claim any error in this regard on appeal. Accordingly, in keeping with our prior treatment of this situation as established in *Brown v. Ohio Dept. of Transp.* (Jan. 23, 1992), Adams App. No. 517, unreported, 1992 WL 51017, we find that any error was either invited by the parties or waived below. See, *e.g., Stegawski v. Cleveland Anesthesia Group, Inc.* (1987), 37 Ohio App.3d 78, 523 N.E.2d 902; *Scott v. Walden* (June 27, 1991), Pickaway App. Nos. 90CA16 and 90CA22, unreported, 1991 WL 122405.

We note that under the Federal Rules, Fed.R.Civ.P. 43(e) allows trial judges to choose to hear oral testimony when resolving motions and does not expressly disapprove the use of oral testimony in resolving summary judgment motions. Based on this tacit approval, many federal courts have found that a federal district court may, within its discretion, choose to hear oral testimony at a summary judgment hearing. 10A Wright, Miller & Kane, *supra*, at 61, Section 2723; *Fontenot v. Upjohn Co.* (C.A.5, 1986), 780 F.2d 1190, 1195; *Little Mole Music v. Spike Invest., Inc.* (W.D.Mo.1989), 720 F.Supp. 751, 752; *Argus, Inc. v. Eastman Kodak Co.* (S.D.N.Y.1985), 612 F.Supp. 904, 908, affirmed on the merits (C.A.2, 1986), 801 F.2d 38. Many of the courts so ruling have cautioned, however, that while oral testimony may be used on a summary judgment motion, it should be used sparingly. These courts note that affidavits and documentary evidence are preferable to oral testimony in a Rule 56 proceeding for several reasons, including the fact that they present a more efficient means of pinpointing disputed factual issues and because the summary judgment hearing is not meant to be a preliminary trial. 10A Wright, Miller & Kane, *supra*, at 62–63, Section 2723; *MacLean v. Parkwood, Inc.* (D.C.N.H.1965), 247 F.Supp. 188, affirmed (C.A.1, 1966), 354 F.2d 770. Further, the United States Court of Appeals for the Seventh Circuit wisely notes that the chief advantage gained by live testimony, gauging credibility, is not relevant to a summary judgment proceeding. The court looks only to whether any evidence exists on all elements of the alleged action. *Stewart v. RCA Corp.* (C.A.7, 1986), 790 F.2d 624. Thus, in the case *sub judice*, the parties' method of presenting the summary judgment motion to the trial court should be viewed with disfavor.

■ In his sole assignment of error, appellant asserts that the trial court erred when it granted summary judgment to appellee. Appellant argues that the trial court erred by finding that the municipal right-of-way deprives appellee of the control necessary to be found liable for a violation of R.C. 4399.18. Appellant notes that the right-of-way actually runs through the front door area of the Tollgate Inn and argues that appellee presumably could not claim that he cannot prevent underage drinkers from entering his establishment. Appellant also points out that appellee has performed maintenance on the parking lot. Appellant concludes that the city's right-of-way is not inconsistent with appellee's ownership, use or control of the property.[3]

In response, appellee argues that the trial court correctly found that control over the premises is necessary to establish liability. Further, appellee asserts that the trial court correctly determined that, under the facts of the instant case, appellee lacked sufficient control to be held liable. Appellee argues that the right-of-way that runs beneath part of appellee's property places that portion of the land under the city's control. Appellee further argues that appellee did not have the requisite authority to eject or remove anyone from the burdened land due to the right of the public to use the entire width of the road, including the area beyond the paved road itself but within the right of way. Appellee cites *Cummins v. Rubio* (1993), 87 Ohio App.3d 516, 622 N.E.2d 700, and *Manufacturer's Natl. Bank of Detroit v. Erie Cty Road Comm.* (1992), 63 Ohio St.3d 318, 587 N.E.2d 819, in support of his argument.

---

**3.** In his brief, appellant also argues that the cases interpreting R.C. 4399.18 and the public policy rationale behind the statute support the conclusion that control is not a prerequisite to liability. In support of his argument, appellant cites cases involving accidents that occurred off the liquor permit holder's premises and that resulted in liability for the permit holder. In this regard, we note first that the parties agreed below to confine the trial court's inquiry to whether the city's right-of-way deprives appellee of the control necessary to be held liable under R.C. 4399.18. Apparently, appellant now seeks to broaden the scope of his argument by asserting that control is not necessary to liability under that statute. We again note, however, that the parties stipulated that the control issue formed the sole basis of the summary judgment motion. Thus, appellant cannot raise on appeal the issue of whether control is in fact necessary to liability under R.C. 4399.18.

We further note that the text of R.C. 4399.18, when addressing injuries occurring off the premises of the permit holder, specifically limits liability to injuries resulting from negligent acts of an intoxicated patron. See R.C. 4399.18, *infra*. Thus, the Ohio General Assembly apparently intended to exclude those victims intentionally injured away from the permit holder's premises from recovering under this statute.

Appellant's complaint shows that he is a member of the class of intentionally injured victims:

"4. That the conduct of James Ronald Maynard, Sr., in stabbing the Plaintiff, as described above, was purposeful and intentional and that Defendant did assault and batter the Plaintiff in violation of criminal statutes of this state prohibiting such conduct."

We also note in this regard that the record from the motion hearing suggests that the parties stipulated that Maynard intentionally injured appellant.

Initially, we note that summary judgment is appropriate when the movant demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, said party being entitled to have the evidence construed most strongly in his favor. *Turner v. Turner* (1993), 67 Ohio St.3d 337, 339–340, 617 N.E.2d 1123, 1126; *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, 884; *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47. The moving party bears the burden of proving no genuine issue of material fact exists. *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801–802.

■ When reviewing a summary judgment, an appellate court must independently review the record to determine if summary judgment was appropriate. An appellate court need not defer to the trial court's decision in summary judgment cases. See *Morehead v. Conley* (1991), 75 Ohio App.3d 409, 599 N.E.2d 786.

In the case *sub judice*, the parties requested that the court confine its ruling to whether appellant has a cause of action against appellee under R.C. 4399.18. The trial court found that no cause of action existed because R.C. 4399.18 requires that the permit holder have control of the premises in order to be held liable in tort, and because appellee did not have control of the parking lot in question due to the city's right-of-way.[4]

---

4. In its May 25, 1995 judgment entry granting appellee's motion for summary judgment, the trial court made the following findings of fact and conclusions of law:

"1. Defendant, Paul B. Compher, was the owner of the Tollgate Inn on November 29–30, 1991, and was the title owner of the fee on which the Tollgate Inn is situated;

"2. The complaint filed by the plaintiff herein alleges a claim for damages from an intentional act by co-defendant, James Ronald Maynard, Sr., and alleges that Paul B. Compher, dba Tollgate Inn, and/or his employees did knowingly serve alcoholic beverages to defendant, James Ronald Maynard, Sr.,

"3. There is no issue as to the defendant, Paul B. Compher, dba the Tollgate Inn, being the permit holder, nor is there any issue as to the area that said permit encompasses;

"4. Plaintiff, Patrick A. Colburn, was injured as a result of stab wounds inflicted by co-defendant, James Ronald Maynard, Sr.;

"5. Said wounds were inflicted outside the Tollgate Inn, with the location of the parties involved in said incident as depicted on defendant's Exhibit Number 1 marked by a red 'X' as located by the plaintiff, Patrick A. Colburn;

"6. There is a thirty (30) foot right-of-way extending from the centerline of Second Street, which the Tollgate Inn abuts, as described in the testimony of the surveyor, Russell Montgomery, and as further shown in Defendant's Exhibit Number 1; portions of the Defendant's building, including the front door and the walkway to the front door of the Defendant's establishment, encroach upon said right-of-way; a portion of the Defendant's parking lot which is used by Defendant's customers also encroaches upon said right-of-way and, addition-

R.C. 4399.18 provides as follows:

"[N]o person, and no executor or administrator of the person, who suffers personal injury, death, or property damage as a result of the actions of an intoxicated person has a cause of action against any liquor permit holder or his employee who sold beer or intoxicating liquor to the intoxicated person unless the injury, death, or property damage *occurred on the permit holder's premises or in a parking lot under his control* and was proximately caused by the negligence of the permit holder or his employees. A person has a cause of action against a permit holder or his employee for personal injury, death or property damage caused by the negligent actions of an intoxicated person occurring off the premises or away from a parking lot under the permit holder's control only when both of the following can be shown by a preponderance of the evidence:

"(A) The permit holder or his employee knowingly sold an intoxicating beverage to at least one of the following:

"(1) A noticeably intoxicated person in violation of division (B) of section 4301.22 of the Revised Code;

" * * *

"(B) The person's intoxication proximately caused the personal injury, death, or property damage." (Emphasis added.)

■■ We agree with the trial court that the statute reflects the general principle that a liquor permit holder must be in a position to control the parking lot in order for liability for injuries caused in the lot by an intoxicated patron to attach to the permit holder. We disagree, however, with the trial court's conclusion that the city's right-of-way gives the city such exclusive control over the included portion of appellee's property as to excuse appellee from even the possibility of liability for occurrences like the one in the instant case.

---

ally, that the walkway to the Tollgate's front door, and the front door itself, lies within the City of Waverly's right-of-way;

"7. Therefore, the injury inflicted by Mr. Maynard upon Mr. Colburn occurred on an area used as a common area owned by Mr. Paul Compher, dba the Tollgate Inn, but subject to the City of Waverly's right-of-way for Second Street;

"8. The court finds the reasoning of the Court of Appeals for Greene County as stated in *Cummins v. Rubio* (1993), 87 Ohio App.3d 516 [622 N.E.2d 700], to be controlling, in that O.R.C. 4399.18 provides the exclusive remedy for this cause of action and further, that *Cooper v. Roose* (1949), 151 Ohio St. 316 [39 O.O. 145, 85 N.E.2d 545], provides that the control necessary as the basis for liability in tort implies the power and right to admit people to the premises and to exclude people from it;

"9. The court further finds as a legal and factual conclusion that even though patrons may have used the common area in the right-of-way for parking, Paul Compher, dba the Tollgate Inn, had no right to admit or exclude people from the area of the parking lot where the plaintiff, Patrick A. Colburn, received his injury nor did Mr. Compher have the kind of control necessary to establish liability under the statute and case law interpreting same."

A municipal right-of-way is a form of easement. *Phifer v. Cox* (1871), 21 Ohio St. 248. An easement is an interest in the land of another which entitles the owner of the easement to a limited use of the land in which the interest exists. *Wray v. Wymer* (1991), 77 Ohio App.3d 122, 601 N.E.2d 503; *Szaraz v. Consol. RR. Corp.* (1983), 10 Ohio App.3d 89, 10 OBR 112, 460 N.E.2d 1133. While the servient owner may not interfere with the dominant owner's rights with respect to use of the easement, the servient owner may, of course, use his land in any way not inconsistent with the limited use permitted the easement owner. 3 Powell on Real Property (1985) 34–15, Section 405. The rights of the servient landowner are thus only limited, not extinguished.

Further, the extent or degree to which the landowner's rights are limited depends on the purpose for which the easement was intended. We note the following language from American Jurisprudence:

"Where the fee to a highway or street is in the abutting owner, his title is not a contingent interest or a mere expectancy, but is a present subsisting ownership of the fee. He has full dominion and control over the land, and all the rights of an absolute owner of the soil, subject only to the easement and servitude in favor of the public. *He may use the land for his own purposes in any way not inconsistent with the public easement,* and is entitled to all profit and advantage which may be derived therefrom." (Citations omitted and emphasis added.) 39 American Jurisprudence 2d (1968, Supp.1995), Highways, Streets and Bridges, Section 160; see, also, *State v. Williams* (C.P.1957), 77 Ohio Law Abs. 496, 3 O.O.2d 429, 145 N.E.2d 373.

Thus, the rights of the servient landowner are limited only to the extent that the landowner may not exercise a right in a way that would be inconsistent with the purposes of the public easement. The proper inquiry in the instant case now becomes whether appellee's control of the parking lot, in providing for the safety and protection of his patrons and the public, is inconsistent with the purpose of the easement in question.

The evidence submitted to the trial court in the instant case suggests that the purpose of the city's easement is to allow the city of Waverly to implement municipal improvements that typically run parallel to common streets. Appellee Compher's testimony revealed that he did not inquire into the nature of the easement when he bought the land and that, insofar as his everyday practices go, the right-of-way has little practical effect. Appellee testified that he uses the parking lot for the needs of his business, cleans the lot when necessary, and has provided other maintenance such as putting down new gravel and implementing fixed parking spaces. Appellee also testified that the city has never attempted, or threatened to attempt, to utilize or enforce its right-of-way in any way.

Finally, appellee testified that in the past he has ejected people from the portion of the property included in the right-of-way.

In the case *sub judice,* we find that appellee's rights over the affected land, including the right to remove or eject patrons from the parking lot for the protection of themselves or others, are not contrary to the purpose of the city of Waverly's right-of-way easement. Our review of the record finds no evidence that appellee's use of the affected land, or his choice to exercise any of his rights as owner in fee, is in any way inconsistent with the rights of the easement holder. Therefore, appellee's rights as owner in fee of the land are as yet uncompromised and we see no reason to relieve appellee of his affirmative duty under R.C. Chapter 4399 to maintain control over the premises of his liquor establishment.

The trial court based its decision, at least partially, upon *Cummins v. Rubio* (1993), 87 Ohio App.3d 516, 622 N.E.2d 700. We agree with the court below that *Cummins* is factually similar to the instant case and is persuasive. We disagree, however, with the trial court's application of the *Cummins* court's reasoning. In *Cummins,* a bar patron stabbed the plaintiff in the parking lot outside the establishment. The establishment, however, was located in a shopping center and the permit holder did not own the parking lot property. In addressing whether the plaintiff could state a cause of action under R.C. 4399.18, the court in *Cummins* wrote the following:

"The parking lot and sidewalk outside Chicago Louie's are for the benefit of all the occupants of the shopping center and their business invitees. The trial court found as a matter of fact, after reviewing the lease from the owner of the shopping center to Chicago Louie's, that *the permit holder here had no ownership, interest, or control of any of the open common areas of the shopping center, including the sidewalk and the parking lot.* * * * There is not even a suggestion in the record of this case that the appellees had any kind of control over the common areas of the shopping center, and they certainly had no right to exclude persons from them." (Emphasis added.) *Id.,* 87 Ohio App.3d at 522, 622 N.E.2d at 704–705.

The *Cummins* court's statement suggests that an ownership interest in the area in question, and specifically the right to exclude persons from that area, is fundamental to finding "control" within the meaning of R.C. 4399.18. We agree that the right to admit or exclude people from the property is fundamental to finding control and feel that the fact that the appellee in the instant case owns his parking lot sufficiently distinguishes the instant case from *Cummins, supra.* While the city's right-of-way could potentially change appellee's ability to control his parking lot, we find, per our discussion above, that contingency has not yet arisen. Thus, in the case at bar, the existence of the city's right-of-way does not

require a finding that, as a matter of law, appellee could not control the parking lot area for purposes of liability under R.C. 4399.18.

Accordingly, based upon the foregoing reasons, we sustain appellant's sole assignment of error.

The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

STEPHENSON and HARSHA, JJ., concur.