OPINION
Plaintiff-appellant James M. Morgan appeals from an adverse judgment of the Champaign County Court of Common Pleas on his action to quiet title. We conclude that the trial court's judgment is supported by the evidence. Accordingly, the judgment of the trial court is Affirmed.
 I
On May 18, 1962, Thomas Swisher conveyed an 85.96 acre tract of land to J. Clark Morgan and Maxine Morgan. On the same date, he conveyed a 1.84 acre tract of land to the Champaign County Fish, Game and Gun Club. The conveyance to the Morgans was subject to the following:
 Together with right of way over that land of Grantor this day conveyed to The Champaign County Fish, Game and Gun Club to pasture by the north drive.
 Grantees agree, as part of the consideration herefore, to permit said Champaign County Fish, Game and Gun Club to use the well situate on the above described premises, provided said Club furnishes electric power for said well, until said Club's well is drilled and in operation; and further, to permit said Club to use the pasture on the above described premises for trap shoots and coon chases, and to permit said Club to have right of way over said premises to the farm pond situate on said premises for fishing purposes, so long as the members thereof exercise due care for the livestock on said premises.
 It is understood that the owners of the parcels of land on Road No. 132 and the Champaign County Fish, Game and Gun Club are to construct and maintain fences between their tracts of land the tract hereinabove described, and, further that the said Champaign County Fish, Game and Gun Club is to pay one-half of the well and pump repairs on the well and pump on the tract hereinabove described so long as they use said well and pump.
 The conveyance to the Club was subject to the conditions set forth below:
 Together with the right to use Grantor's adjacent pasture, this day conveyed to J. Clark Morgan and Maxine Morgan, for trap shoots and coon chases, and the right of way to and from the farm pond situate on said land this day conveyed to said Morgans and fishing rights in said farm pond, provided, however, that all possible care shall be afforded live stock in said pasture and/or pond.
 The Grantee herein, as part of the consideration herefor, agrees to construct and maintain fences around the within described premises, adequate to turn cattle; and further, to permit owner of land surrounding the above premises, presently J. Clark Morgan and Maxine Morgan, right of way over said premises to pasture by the north drive; and further, to allow West Liberty Lions Club the right to use Grantee's building and grounds for its annual picnic once each year without compensation; and further, to allow Grantor the right to use Grantee's buildings and grounds for family reunions every other year, without compensation; and further, to furnish and pay for electric power for water pump on adjacent land until Grantee's own well is drilled and in operation, or so long as Grantee uses said well.
 In 1970, the Morgans transferred title to the 85.96 acre tract of land to Plaintiff-appellant, James M. Morgan. On March 5, 1998, Morgan filed a complaint to quiet title, seeking to extinguish the rights to the use of his property granted by deed to the Club. The complaint alleged that the deeds conveyed a license to the Club, and that the rights conveyed by the license were barred.
Both parties filed motions for summary judgment, which were denied by the trial court. The matter was tried to the court in May, 1999. The trial court issued a decision in favor of the Club on January 31, 2000. The court found that: (1) the deeds granted an easement, rather than a license, to the Club; (2) the corporate status of the Club did not terminate its property rights; and (3) the Club did not abandon its easement rights. Morgan appeals from the judgment against him.
 II
Morgan's First Assignment of Error states as follows:
 THE COURT ERRED IN THAT IT FAILED TO GRANT PLAINTIFF/APPELLANT'S MOTION FOR SUMMARY JUDGMENT.
 Morgan contends that the trial court erred by denying his motion for summary judgment. In support, he claims that he presented evidence establishing that the Club had abandoned its easement rights by non-use.
An appellate court's review of a summary judgment decision isde novo. Nilavar v. Osborn (1998), 127 Ohio App.3d 1, 10, citingGrafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. The standard of review in summary judgment cases is well-established. "Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor." Zivich v.Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-370, citation omitted.
Morgan's motion was based, in part, upon the theory that the Club had abandoned its rights to his property by non-use. He presented affidavits of three Club members in support of his motion. The affidavits indicated that the Club was no longer active at the time the lawsuit was initiated, and that no activities had been conducted on the Morgan property for years. One of the affidavits averred that the Club did not intend to conduct future shoots or chases on the Morgan property. Morgan also filed his own affidavit in which he claimed that the Club had not exhibited a "regular pattern of use" of the property during the past twenty years.
The Club presented the affidavit of the Club president, Daniel Oelker, who averred that the Club had conducted activities such as weekly meetings and shooting practice. However, the affidavit did not address the issue whether the Club had utilized the Morgan property for any Club activities, or whether it intended to abandon its right to use the property.
We conclude that the trial court did err by denying Morgan's motion for summary judgment. From our review of the record, we find that Oelker's affidavit established a genuine issue of material fact with regard to Morgan's claim that the Club no longer existed, but it failed to address the issue of non-use.
However, "* * * any error by a trial court in denying a motion for summary judgment is rendered moot or harmless if a subsequent trial on the same issues raised in the motion demonstrates that there were genuine issues of material fact supporting a judgment in favor of the party against whom the motion was made".Continental Ins. Co. v. Whittington (1994), 71 Ohio St.3d 150,156. We conclude that the trial court's error in this case was rendered moot by the issues raised at trial, as discussed in our disposition of Morgan's Third Assignment of Error. Accordingly, the First Assignment of Error is overruled.
 III
The Second Assignment of Error is as follows:
 THE COURT ERRED IN FINDING THAT THE LANGUAGE IN PLAINTIFF/APPELLANT'S DEED GRANTING DEFENDANT/APPELLEE USE OF PLAINTIFF/APPELLANT'S PROPERTY CREATED AN EASEMENT RATHER THAN A LICENSE.
 Morgan contends that the trial court erred in finding that the language set forth in the deeds granted the Club an easement interest in his property. Instead, he argues that the deeds created a license, which is terminable at will.
An easement is defined as "an interest in the land of another which entitles the owner of the easement to a limited use of the land in which the interest exists." Colburn v. Maynard (1996),111 Ohio App.3d 246, 253. "It is settled that an easement is an interest in real property, whereas a license is not." Weir v.Consolidated Rail Corp. (1983), 12 Ohio App.3d 63, 65, citation omitted. "There are several distinguishing characteristics between an easement and a license: a license is terminable at the will of the licensor, an easement is not; a license cannot be assigned, and does not pass at death; a license terminates upon conveyance of the land; a license is an agreement, binding only on the parties to it; an easement is an interest in real property which runs with the land." Id., at 65-66, citations omitted.
The primary objective in construing an instrument to determine whether it conveys an easement is to ascertain the intention of the grantor. Siferd v. Stambor (1966),5 Ohio App.2d 79, 87. "There are no particular words that are required to create an easement; however, the language [employed in the deed] must be examined * * * to determine whether [it] creates an easement." Kamenar RailroadSalvage, Inc. v. Ohio Edison Co. (1992),79 Ohio App.3d 685, 689-690. If the intent is plain from the face of the document, then it is not necessary to resort to rules of construction to determine whether an easement was granted. Hinman v. Barnes (1946),146 Ohio St. 497, 508.
In this case, the deeds are worded in clear and precise terms and the meaning is evident from the face of the documents. Therefore, there is no need to go beyond the four corners of the deeds. The deed to the Morgans clearly made the conveyance to them subject to the right of way interest specifically conveyed to the Club. A "`right of way' is an easement; it is the mere right to pass over another's land for a definite or indefinite period." 36 Ohio Jurisprudence 3d (1982), 388, Easements and Licenses § 1, citation omitted. Furthermore, both conveyances were made on the same day by the same grantor, and both specifically make reference to a right of the Club to use the pasture and pond. The deeds state that the terms of the conveyances are binding upon all "heirs and assigns" of the Morgans and the Club.
We agree with the trial court that the deeds created an easement, not merely a license to use the property, because the deeds indicate that Swisher wished to convey an interest in the land as opposed to a mere privilege for the Club to use the land. Accordingly, the Second Assignment of Error is overruled.
 IV
Morgan's Third Assignment of Error states:
 THE COURT ERRED IN FINDING THAT DEFENDANT/APPELLEE'S EASEMENT HAD NOT BEEN ABANDONED.
 Morgan contends that the Club abandoned any easement rights it may have held by non-use. Therefore, he claims that the trial court's finding to the contrary is not supported by the evidence.
It is within the province of the trier-of-fact to determine the credibility of the witnesses and the weight to be accorded the testimony. Walker v. Holland (1997), 117 Ohio App.3d 775, 791. When considering whether the judgment of the trial court is against the manifest weight of the evidence, it is important that the court of appeals be guided by a presumption that the findings of the trier-of-fact are correct. Seasons Coal Co. v. Cleveland
(1984), 10 Ohio St.3d 77, 79-80. A lower court's judgment will not be disturbed as being against the weight of the evidence so long as it is supported by some competent, credible evidence.Columbia Gas Transm. Corp. v. Bennett (1990), 71 Ohio App.3d 307,314, citing, Seasons, supra.
In the trial of this case, Morgan attempted to prove that the easement had been abandoned by non-use. In support, he presented his own testimony and the testimony of one of the Club members, Billy Joe Ratliff. Morgan testified that he was not aware of any Club activity in regard to the pond located on the property. Mr. Ratliff testified that he had not witnessed any "coon field trials" or any activity by the Club on the grounds for more than twenty-one years. However, he did admit that he did not know whether anyone had been fishing at the pond. Moreover, the Club president, Dan Oelker, testified that, as a Club member, he has fished in the pond two or three times in the past five years.[1]
In this case, there was conflicting testimony on the issue of whether Club members had made use of the easement; therefore, the outcome of the litigation essentially hinged upon a determination of witness credibility. Since the trial court was in the best position to determine credibility, and since there was testimony to support a finding that the Club, through a member, had made use of the easement within the past five years, we cannot say that the trial court's judgment is against the weight of the evidence.
Accordingly, the Third Assignment of Error is overruled.
 V
All of Morgan's Assignments of Error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and KERNS, JJ., concur.
(Honorable Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
[1] Morgan argues that the easement cannot be construed as permitting each member of the Club the right to personally "conduct the activities permitted" by the easement, i.e., fishing, because that would result in an undue burden on the property. We disagree. The easement to the Club does not purport to restrict the use of the easement in this way. Although fishing can be organized as a group activity, it is commonly performed as an individual activity.