**CITY OF AKRON, Appellee,**

v.

**MARSTELLAR, Appellant.**

[Cite as *Akron v. Marstellar*, 155 Ohio App.3d 132, 2003-Ohio-5608.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 21453.

Decided Oct. 22, 2003.

Max Rothal, Director of Law, Douglas J. Powley, Chief City Prosecuting Attorney, and Gerald K. Larson, Assistant City Prosecuting Attorney, for appellee.

J. Dean Carro, for appellant.

SLABY, Presiding Judge.

{¶ 1} Defendant-appellant, Scott Marstellar, appeals from the judgment of the Akron Municipal Court finding him guilty of violating the city's dog-bite and control-of-dog ordinances. We reverse.

{¶ 2} On October 4, 2002, defendant's dog, Yogi, bit a dog owned by Lee Christman. One month later, defendant was issued a citation for violating the

dog-bite and control-of-dog provisions of the Akron City Code, Sections 92.25(B)(4) and 92.25(B)(1). At the close of the city's evidence at trial, the court denied defendant's Crim.R. 29(A) motion for acquittal. A jury found defendant guilty on both charges. On the dog-bite conviction, the court fined defendant $500 and sentenced him to 180 days in jail, with $400 of the fine and all 180 days of the jail time suspended. The court also ordered defendant to pay restitution to Christman for his dog's veterinarian bills and declared defendant's dog a vicious dog. Defendant was ordered to pay a $100 fine, completely suspended, for the control-of-dog violation. Defendant timely appeals and raises one assignment of error for our review:

## ASSIGNMENT OF ERROR

"The trial court erred when it denied [defendant's] Crim.R. 29(A) motion for acquittal because the City of Akron presented inadequate evidence as a matter of law to convict [defendant] of dog bite and control of dog in violation of [defendant's] due process rights under the Fourteenth Amendment of the Constitution of the United States and under Art. I, [Section] 10 of the Constitution of the State of Ohio. Specifically, the City of Akron could not prove that the dog bite occurred on premises not exclusively controlled by [defendant]."

{¶ 3} In defendant's only assignment of error, he alleges that his convictions violate due process rights guaranteed under the Fourteenth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution because the city presented inadequate evidence as a matter of law to support the convictions. Specifically, defendant challenges the dog-bite conviction, arguing that the city failed to offer sufficient evidence proving that the dog bite occurred on premises not exclusively controlled by the defendant. We agree.

{¶ 4} Crim.R. 29(A) permits a court to enter a judgment of acquittal if the evidence at trial is insufficient to sustain a conviction. The basic question in any sufficiency-of-the-evidence challenge is " 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " *State v. Williams*, 99 Ohio St.3d 493, 2003-Ohio-4396, 794 N.E.2d 27, ¶ 50, quoting *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560.

{¶ 5} The dog-bite ordinance states:

"Any person owning * * * a dog shall be strictly liable if such dog is found to bite or otherwise cause physical harm to any person, domestic animal, or feline while the dog is off the premises of the owner, or while on premises which are not exclusively controlled by the owner." Akron City Code 92.25(B)(4).

{¶ 6} Trial testimony established that Christman was walking down Witner Avenue with his dog, Suki, on the afternoon of October 4, 2002. Witner Avenue does not have sidewalks in that area, so the pair walked in the street. As Suki padded along eight or ten feet ahead of his master on his retractable leash, he noticed defendant's dog, Yogi. Suki proceeded to walk approximately two or three feet off the street into defendant's yard, where Yogi stood a few feet off the edge of the pavement at the end of his cable runner. After a perfunctory sniff from both dogs, Yogi latched his teeth around Suki's neck and refused to let go regardless of the repetitive yells and blows showered on him by Christman. After a few minutes, Yogi released Suki, who was now still and silent. As Christman picked up his limp dog to carry it out of Yogi's reach, Yogi took one more bite at the retreating form, catching Suki's back paw in his teeth.

{¶ 7} It is undisputed that the altercation between the two dogs occurred in a grassy area at the edge of defendant's property. It is also undisputed that the attack occurred within a ten-foot right-of-way owned by the city of Akron. This right-of-way extends beyond the pavement on both sides of Witner Avenue, allowing future room for sidewalks, utilities, or other improvements. Both the city and defendant presented evidence at trial that tended to show that each party had some rights to ownership of the land.

{¶ 8} The city's right-of-way is treated like an easement, granting limited rights to the city. *Colburn v. Maynard* (1996), 111 Ohio App.3d 246, 253, 675 N.E.2d 1333, citing *Phifer v. Cox* (1871), 21 Ohio St. 248, 1871 WL 57, paragraph one of the syllabus; and *Wray v. Wymer* (1991), 77 Ohio App.3d 122, 130, 601 N.E.2d 503. Defendant admits that, as the servient owner of the land, his rights are also limited. See *Colburn*, 111 Ohio App.3d at 253, 675 N.E.2d 1333. But whether or not defendant had exclusive *ownership* of the area where the bites occurred is not the issue in this case. The true issue is whether defendant had exclusive *control* over the property *at the time* of the dog attack. Regardless of testimony about the limited *ownership* rights of defendant in the right-of-way, the city presented no evidence tending to show that defendant lacked exclusive *control* over the right-of-way *at that time*. The city merely offered evidence showing that it could, at some time, use the property for restricted purposes.

{¶ 9} Based on the evidence at trial, no reasonable trier of fact could conclude that defendant did not exclusively control the premises where the dog bites occurred at the time of the bites. We sustain defendant's sole assignment of error. The judgment of the Akron Municipal Court convicting defendant of violating the dog-bite ordinance is reversed.

Judgment reversed.

WHITMORE and BATCHELDER, JJ., concur.