**CIVILIAN DEFENSE, INC., Plaintiff-Appellant. v. ROSS et, Defendants-Appellants, EGAN-RYAN UNDERTAKING COMPANY et, Defendants-Appellees.**

Ohio Appeals, Tenth District, Franklin County.

No. 5801. Decided March 4, 1958.

Marion A. Ross, Columbus, for plaintiff-appellant and defendants-appellants.

J. Maxwell Maher, Joseph E. Ryan, Columbus, for defendants-appellees.

## OPINION

By THE COURT.

This is a law appeal from a judgment of the Common Pleas Court sustaining a demurrer to each of the causes of action set forth in the 4th amended petition and to each cause of action in the 4th amended cross-petition of Charles R. Ross and Marion A. Ross and denying further right to amend for the reason that the defects in said pleadings cannot be remedied.

The action is one seeking to enjoin the defendants, Ryan, et al., from interfering with the petitioner's and cross-petitioners' use of a way of ingress and egress to their property over that of the Ryans, defendants  Such an easement "may be acquired only by grant, express or implied, or by prescription." **Trattar v. Rausch, 154 Oh St 286.** The pleadings under consideration do not allege that a right to said easement exists either by prescription or express grant. It is urged, however, that they show a grant by implication.

"To be the basis of an implied easement upon the severance of the ownership of an estate a use must be continuous, apparent, permanent and necessary." Trattar v. Rausch, supra, Par. 5 of the syllabus.

It appears in the pleadings that one of the above necessary elements is lacking for the alleged easement is not a necessity, the dominant estate having means of ingress and egress by way of Capital Alley. In paragraph 8 of the syllabus of the case cited, supra, the court says:

"An easement in the form of a way of necessity will not be implied, where there is available another way of ingress and egress to and from the land involved, even though such other way is less convenient and would necessitate the expenditure of an appreciable amount of labor and money to render it serviceable."

See also, **Meredith v. Frank, et al., 56 Oh St 479; Waibel v. Schleppi, 77 Oh Ap 305.** It has been suggested that the Ryans, defendants, are estopped from denying the owners of the dominant estate the use of the walk. This, however, cannot be substantiated for the pleadings do not allege that the Ryan defendants misled the petitioner and cross-petitioner by their conduct. Estoppel is something more than mere knowledge, acquiescence, permission or license. It is granted upon the legal premise that one shall not be permitted to deny that which he has induced another to assume to his prejudice or disadvantage. The

Ryans have made no conveyances, grants, or agreements or by any conduct misled the other parties into a change of position by which they could be estopped. We note on page 2 of counsel for the appellant's brief, that they say they will "devote much of this brief to the various types of easements, with the thought in mind that no lawyer can say what kind of an easement the plaintiff has, * * *." We agree to a large extent with this statement, for it is our conclusion that no easement exists.

We have examined the well-considered opinion of Judge Marshall and find that it correctly expresses our views on the legal questions presented.

Finding no prejudicial error in the record, the judgment will be affirmed.

PETREE, PJ, BRYANT and MILLER, JJ, concur.