DOUGLAS, APPELLANT, *v.* THE ATHENS MASONIC TEMPLE CO., APPELLEE.

(No. 561—Decided December 15, 1961.)

*Mr. William Parker Walker*, for appellant.
*Mr. Samuel B. Erskine*, for appellee.

COLLIER, J. Charles H. Douglas, the plaintiff-appellant, herein referred to as the plaintiff, brought this action in the Common Pleas Court of Athens County, Ohio, to enjoin The Athens Masonic Temple Company, a corporation, herein designated as the defendant, from interfering with plaintiff's use of an alleged easement in a 12-foot alley extending from plaintiff's

east boundary line eastwardly a distance of about 70.4 feet to Armory Street in the city of Athens.

After a hearing on the issues joined by the second amended petition and the answer thereto, the trial court denied the injunctive relief sought by the plaintiff. From that judgment the plaintiff has perfected his appeal on questions of law to this court.

The assignments of error are:

1. The court erred in sustaining the defendant's motion for an order requiring the plaintiff to separately state and consecutively number the alleged causes of action set forth in the petition, which motion was filed December 22, 1959.

2. The judgment of the court is contrary to law and is against the weight of the evidence.

3. Other errors of law apparent in the record.

Plaintiff, in his original petition, based his right to an easement on both a grant and by prescription. Defendant's motion to require the plaintiff to separately state and number his two alleged causes of action was sustained. Plaintiff, in his first cause of action of his amended petition, alleged his right to an easement in such alley by grant and in his second cause of action, after incorporating his entire first cause of action therein, alleged his right to an easement in the alley by prescription. Defendant's motion to strike the amended petition from the files, for the reason that the order of the court requiring plaintiff to separately state and number his separate causes of action had not been complied with, was sustained. In his second amended petition, the plaintiff, in his first cause of action, claims an easement in the alley by grant and, in his second cause of action, claims damages in the sum of $5,000. The second amended petition contains no averment of plaintiff's right to an easement in the alley by prescription. This claim, alleged in the earlier pleadings, was obviously abandoned in the last petition filed by the plaintiff. The plaintiff was not denied the full right to plead such claim.

Whether the trial court erred in sustaining defendant's motions to plaintiff's petition and amended petition is of no consequence since the plaintiff chose to abandon his claim to an easement in the alley by prescription. This procedure by the plaintiff renders unnecessary a decision by this court on the first

assignment of error. In the case of *Grimm* v. *Modest*, 135 Ohio St., 275, it was held that "the substitution of an amended petition for an earlier one ordinarily constitutes an abandonment of the earlier pleading and a reliance upon the amended one."

Was the judgment of the trial court contrary to law or against the weight of the evidence? The real estate owned by the plaintiff and defendant is located in the northeast quarter of inlot No. 518 in the city of Athens and was acquired by grant from a common owner. The defendant's eastern boundary line extends from the northeast corner of inlot No. 518, south a distance of 86 feet along the line of Armory Street, thence west 70.4 feet, thence north 86 feet to the northern boundary line of inlot No. 518, and thence east 70.4 feet to the place of beginning.

The plaintiff's land adjoins defendant's land on the west the entire length thereof; they share a common east-west boundary line a distance of 86 feet. Plaintiff's southern boundary line, beginning at his eastern boundary line, is an extension of defendant's southern boundary line for a distance of 214.4 feet west to the west line of inlot No. 518 on North Congress Street. The common owner from whom the parties acquired title and his predecessors in title for many years held by grant in their various deeds of conveyance as an appurtenance and a part of the premises conveyed a right to pass along and over the alley extending along the southern boundary line of the land now owned by plaintiff and defendant and extending the entire distance across inlot No. 518 from Armory Street on the east side to North Congress Street on the west side thereof, a total distance of 284.8 feet.

The deed by which plaintiff acquired title to his land, dated October 11, 1939, from Earl T. Dailey and wife, after describing the real estate conveyed, includes this description of an easement in the alley:

"Also the right-of-way to pass over and across for the purposes of an alley described as follows: beginning 86 feet south of the northwest corner of inlot No. 518, thence east 214.4 feet; thence south 6 feet; thence west 214.4 feet; thence north 6 feet to the place of beginning."

It will be noted from this description that plaintiff was not granted an easement in the alley the entire distance across inlot No. 518, but only 214.4 feet from his east boundary line to the

west side thereof, thus excluding plaintiff's right to use the eastern end of the alley, the 70.4 feet extending along the southern boundary of defendant's land from the common east-west boundary line of the parties to Armory Street. In other words, by this deed, plaintiff was granted permission to use the alley for ingress and egress to and from his east boundary line to and from North Congress Street on the west side of inlot No. 518, but no express right to use the 70.4 feet from his eastern boundary line to Armory Street on the east side of inlot No. 518 was granted in the deed.

Plaintiff claims a right-of-way over the alley from his boundary line to Armory Street by implied grant and contends that, even though his deed of conveyance does not expressly contain such grant, the same is implied by reason of the fact that the common owner from whom the parties derived title to their separate tracts of land held such easement by grant from prior owners.

The defendant contends that the plaintiff has no greater right to use the alley than that described in his deed, and that the language of the deed is clear, definite and unambiguous and, therefore, not subject to construction.

Plaintiff relies upon the principle, first announced in Ohio in the case of *Morgan* v. *Mason*, 20 Ohio, 401, which, briefly stated, is that, when land is conveyed by the owner thereof, everything belonging to and in use for the land, as an incident or appurtenance, passes with the land without any mention being made of such appurtenance. As stated in the opinion in the *Morgan case*, "it is implied from the nature of the grant, unless it contains some restrictions, that the grantee shall possess the house in the manner, and with the same beneficial rights as were then in use and belonged to it."

The deed by which plaintiff acquired title does contain one restriction. The right-of-way over the alley from his east boundary line to Armory Street, which his grantor owned, was not expressly granted therein to the plaintiff.

Implied easements are not favored because they are in derogation of the general rule that written instruments speak for themselves. *Ciski* v. *Wentworth*, 122 Ohio St., 487, and *Trattar* v. *Rausch*, 154 Ohio St., 286.

The creation of easements by implication rests upon an ex-

ception to this general rule and occurs only where the property has been held in a unified title during which time an open and notorious servitude has apparently been impressed upon one part of the estate in favor of another part, and such servitude, at the time that the unity of title is severed, is reasonably necessary for the fair enjoyment of the portion benefited. In order to determine whether the facts in a particular case come within the application of this rule, it is necessary to consider the facts and circumstances surrounding the conveyance, and the use, character and relative location of the property. See the *Ciski case*, at page 495.

The burden of proof rests upon the plaintiff to establish by clear and convincing evidence the essential elements of an implied grant, which include the fact that the easement in the alley from his east boundary line to Armory Street is reasonably necessary to the beneficial enjoyment of the land described in his deed of conveyance. In the case of *Jordan* v. *Breece Mfg. Co.*, 89 Ohio St., 311, it was held:

"2. The question of whether a roadway is reasonably necessary to the enjoyment of premises conveyed is one that must be determined from the conditions existing at the time of the conveyances."

In the case at bar, the bill of exceptions consists entirely of the deed records showing the chain of title to the real estate involved in this controversy. The record is silent as to the extent of the use, character and surroundings of the property, the relationship of the parts separated to each other or any other facts that would tend to show the real intent of the plaintiff and his grantor at the time of the conveyance. And there is no evidence in the record to show that such easement is reasonably necessary to the enjoyment of plaintiff's premises. Therefore, assuming that the plaintiff is not restricted to the easement in the alley, as described in his deed, there is no evidence in the record upon which to base an implied easement.

In the case of *Civilian Defense, Inc.*, v. *Ross*, 78 Ohio Law Abs., 172, it was held:

"2. A petition to establish an easement which does not allege that the easement is necessary does not allege an easement by implied grant and is subject to demurrer."

Our conclusions are that the record in this case is not suf-

ficient to establish plaintiff's right to an implied grant to use the alley extending from his east boundary line to Armory Street; that the plaintiff is restricted in the use of the alley to the description in his deed of conveyance; that the plaintiff is not entitled to the injunctive relief sought in his second amended petition; and that the judgment of the trial court is correct and must be, and hereby is, affirmed.

*Judgment affirmed.*

RADCLIFF, P. J., and BROWN, J., concur.