THE STATE EX REL. ESTATE OF BERTINA HARDS; ADAMS, GRDN., APPELLANT, *v.* KLAMMER, JUDGE, APPELLEE.

[Cite as *State ex rel. Estate of Hards v. Klammer,* 110 Ohio St.3d 104, 2006-Ohio-3670.]

(No. 2005–1223—Submitted June 20, 2006—Decided August 2, 2006.)

---

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a complaint for a writ of prohibition, which sought to prevent a probate court judge from proceeding with a guardianship case following the death of the ward.

{¶ 2} In April 1995, the Lake County Court of Common Pleas, Probate Division, appointed appellant, Jacqueline Adams, as guardian of her mother, Bertina Hards, and her estate. In February 1997, Adams submitted an application to expend estate funds to file suit against a brokerage company. The probate court granted Adams's application, and she hired a law firm to file this action. A few years later, a dispute arose concerning the amount of attorney fees owed by the estate to the law firm. After the probate court entered a judgment in favor of the law firm, Adams filed motions for a new trial and for relief from judgment.

{¶ 3} The Lake County Probate Court appointed Richard Spotz as a special master commissioner pursuant to R.C. 2101.06 and Civ.R. 53 to resolve the numerous motions and applications filed regarding the fee dispute. In February 2002, the probate court adopted the master commissioner's report and denied the law firm's request for attorney fees. The probate court also removed Adams as guardian of Hards's estate and appointed attorney Russell J. Meraglio Jr. as successor guardian.

{¶ 4} On February 24, 2002, Hards died. The Geauga County Probate Court appointed Adams as the administrator of her deceased mother's estate. Shortly thereafter, the master commissioner applied in the guardianship case for the payment of fees covering his services in the case. In March 2002, the Lake County Probate Court awarded fees to the master commissioner.

{¶ 5} Adams appealed the decision awarding fees to the master commissioner. The Court of Appeals for Lake County reversed the judgment and remanded the case for a determination of the reasonableness of the fees requested by the master commissioner. *In re Guardianship of Hards,* Lake App. No. 2002–L–054, 2003-Ohio-4224, 2003 WL 21892925.

{¶ 6} In October 2003, on remand, appellee, Judge Ted Klammer of the Lake County Probate Court, entered judgment granting the special master commissioner $13,709.76 from the guardianship estate. Judge Klammer ordered that the fees be taxed as costs and be paid from estate funds before the filing of the final account for the guardianship.

{¶ 7} Instead of filing a timely appeal from this judgment, Adams waited until November 2004 to file a complaint in the Court of Appeals for Lake County for a writ of prohibition to prevent the payment of fees to the master commissioner and the successor guardian from the guardianship estate. Judge Klammer filed a motion to dismiss or, in the alternative, for summary judgment. In May 2005, the court of appeals dismissed Adams's complaint.

{¶ 8} This cause is now before this court upon an appeal as of right.

{¶ 9} Adams asserts that the court of appeals erred in dismissing her prohibition action. In order to be entitled to the requested writ of prohibition, Adams must establish that (1) Judge Klammer is about to exercise judicial power, (2) the exercise of that power is not authorized by law, and (3) denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists. *State ex rel. Florence v. Zitter,* 106 Ohio St.3d 87, 2005-Ohio-3804, 831 N.E.2d 1003, ¶ 14. Adams has established the first requirement because Judge Klammer has exercised and is continuing to exercise jurisdiction in the guardianship case.

{¶ 10} For the remaining requirements, " '[i]n the absence of a patent and unambiguous lack of jurisdiction, a court having general subject matter jurisdiction can determine its own jurisdiction, and a party challenging that jurisdiction has an adequate remedy by appeal.' " *State ex rel. Conkle v. Sadler,* 99 Ohio St.3d 402, 2003-Ohio-4124, 792 N.E.2d 1116, ¶ 8, quoting *State ex rel. Shimko v. McMonagle* (2001), 92 Ohio St.3d 426, 428–429, 751 N.E.2d 472.

{¶ 11} Judge Klammer has basic statutory jurisdiction to "appoint and remove guardians, * * * direct and control their conduct, and settle their accounts." R.C. 2101.24(A)(1)(e). Judge Klammer also has basic statutory authority to "appoint a special master commissioner in any matter pending before" him. R.C. 2101.06. Under R.C. 2101.07, Judge Klammer must "allow such commissioner such fees as are allowed to other officers for similar services, which fees shall be taxed with the costs." Judge Klammer was authorized under these provisions to appoint Spotz as special master commissioner, remove Adams as guardian of her mother, and appoint Meraglio as successor guardian. It is certainly true as a general proposition that "[d]eath of the ward terminates all duties and powers upon the part of the guardian." *Simpson v. Holmes* (1922), 106 Ohio St. 437, 140 N.E. 395, syllabus; *Sommers v. Boyd* (1891), 48 Ohio St. 648, 29 N.E. 497, paragraph one of the syllabus ("The death of the ward terminates the guardianship, and the guardian has no further authority or control over the personal estate remaining in his hands except to safely keep and deliver the same to the personal representative").

{¶ 12} Nevertheless, it is equally true, as the court of appeals properly observed, that although "there is precedent under Ohio law for the general proposition that the legal effect of a guardianship ends upon the death of the ward," a guardian has the power after the ward's death to make a proper accounting and settlement of any acts taken in regard to the ward's assets. *State ex rel. Hards v. Klammer,* 11th Dist. No. 2004–L–189, 2005-Ohio-2655, 2005 WL 1272374, ¶ 14. Thus, the "jurisdiction of a 'guardianship' court does not completely terminate immediately after the ward's death." Id. at ¶ 20.

{¶ 13} Therefore, even after the ward's death, "those powers and duties necessarily involved in the proper accounting and settlement of the [guardianship] continue." *State ex rel. Beedle v. Kiracofe* (1964), 176 Ohio St. 149, 151, 27 O.O.2d 25, 198 N.E.2d 61; see, also, *Scattergood v. Ingram* (1912), 86 Ohio St. 76, 98 N.E. 923 (holding that a claim by a guardian for services rendered to a ward need not be presented to the ward's personal representatives in case of the ward's death); *In re Krische* (May 23, 1985), Cuyahoga App. No. 49012, 1985 WL 9038, *3 ("There is likewise no bar to a claim for compensation by a guardian after the death of the ward, for services performed during the ward's lifetime"); *In re Schueneman's Estate* (Ham.P.C.1948), 36 O.O. 513, 78 N.E.2d 688 (holding that a probate court could determine the value of services rendered by a guardian during the ward's lifetime, whether the application was made before or after the ward's death).

{¶ 14} Insofar as Adams contends that Civ.R. 54(D) *required* Judge Klammer to assess the costs associated with the appointment of the special master commissioner against the law firm that lost on Adams's motion for relief from judgment, her contention lacks merit. Civ.R. 54(D) merely provides that "[e]xcept when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party *unless the court otherwise directs*." (Emphasis added.) "Pursuant to Civ.R. 54(D), the court has discretion as to how the costs of an action shall be assessed." *State ex rel. Fant v. Regional Transit Auth.* (1990), 48 Ohio St.3d 39, 548 N.E.2d 240. Therefore, any error by Judge Klammer in this regard is, at best, an error in the exercise of jurisdiction rather than a want of jurisdiction. *Jimison v. Wilson,* 106 Ohio St.3d 342, 2005-Ohio-5143, 835 N.E.2d 34, ¶ 11. Adams's additional claims of violations of the Code of Judicial Conduct and various other provisions of law are within this same category of errors that are remediable in the ordinary course of law rather than by extraordinary writ.

{¶ 15} Given this authority as well as R.C. 2101.24(A)(1)(e) and 2101.06, Judge Klammer did not patently and unambiguously lack jurisdiction to resolve the issue of the special master commissioner's and successor guardian's right to fees from the guardianship estate, and Adams had an adequate legal remedy by appeal of Judge Klammer's judgment awarding fees to the special master commissioner. The mere fact that this remedy is no longer available because Adams failed to timely pursue it does not entitle her to the requested extraordinary relief. *Jackson v. Wilson,* 100 Ohio St.3d 315, 2003-Ohio-6112, 798 N.E.2d 1086, ¶ 9. Adams also has an adequate legal remedy by way of appeal from any judgment granting fees to the successor guardian.

{¶ 16} Based on the foregoing, the court of appeals properly dismissed Adams's petition for a writ of prohibition. We need not expressly decide Adams's specific

claims, because our review is restricted to whether Judge Klammer *patently and unambiguously* lacked jurisdiction to act. *State ex rel. Douglas v. Burlew*, 106 Ohio St.3d 180, 2005-Ohio-4382, 833 N.E.2d 293, ¶ 16. We affirm the judgment of the court of appeals.[1]

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

James T. Flaherty, for appellant.

Charles E. Coulson, Lake County Prosecuting Attorney, and Michael L. DeLeone, Assistant Prosecuting Attorney, for appellee.

---

1. Our holding renders moot appellee's motion to strike certain portions of appellant's merit brief.