JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel. Appellant Joseph C. Naples appeals from the decision of the Cuyahoga County Court of Common Pleas that denied his motion to tax litigation expenses as costs. For the reasons stated below, we reverse the decision of the trial court and remand the matter for further consideration by the trial court.
 {¶ 2} Naples brought this action against appellee Barbara Jean Kinczel as a result of a motor vehicle accident that occurred on July 5, 2001. Following a jury trial, a verdict was rendered in favor of Naples in the amount of $8,500. Thereafter, Naples filed a motion for prejudgment interest, as well as a motion to tax litigation expenses as costs. Both motions were denied by the trial court. Naples timely appealed the trial court's denial of his motion to tax litigation expenses as costs. His sole assignment of error states as follows: "The trial court erred and/or abused its discretion in denying appellant's motion to tax necessary litigation expenses as costs following the entry of a jury verdict in his favor."
 {¶ 3} Motions to assess costs are governed by Civ.R. 54(D), which provides the following: "Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs." The Ohio Supreme Court has recognized that Civ.R. 54(D) is not a grant of absolute right for court costs to be allowed to the prevailing party. State ex rel.Gravill v. Fuerst (1986), 24 Ohio St.3d 12, 13. Rather, a trial court has *Page 3 
discretion as to how the costs of an action shall be assessed under Civ.R. 54(D). State ex rel. Estate of Hards v. Klammer,110 Ohio St.3d 104, 107, 2006-Ohio-3670. Indeed, the rule "grants the court discretion to order that the prevailing party bear all or part of his or her own costs." Vance v. Roedersheimer, 64 Ohio St.3d 552, 555, 1992-Ohio-89.
 {¶ 4} Although a trial court has such discretion, it should be recognized that the staff notes to the rule indicate that "ordinarily, under the rule costs will be allowed by the court to the prevailing party."[1] We also recognize that Fed.Civ.R. 54(d), which is almost identical to Ohio's Civ.R. 54(D), has been viewed to create a presumption in favor of allowing costs to the prevailing party.McDonald v. Petree (C.A. 6, 2005), 409 F.3d 724, 732; see, also,Boxell v. Boxell (Feb. 28, 1986), Lucas App. No. L-85-130. The Sixth Circuit summarized guidelines that are applied to Fed.Civ.R. 54(d) as follows:
 "In an early analysis of Rule 54(d), this court stated that the rule was intended to take care of a situation where, although a litigant was the successful party, it would be inequitable under all the circumstances in the case to put the burden of costs upon the losing party. We have described several circumstances in which a denial of costs is a proper exercise of discretion under the rule. *Page 4 Such circumstances include cases where taxable expenditures by the prevailing party are `unnecessary or unreasonably large,' cases where the prevailing party should be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues, cases where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendant, and cases that are `close and difficult.'
 "This court has also identified factors that a district court should ignore when determining whether to exercise its discretion and deny costs. Examples of inappropriate factors include the size of a successful litigant's recovery, and the ability of the prevailing party to pay his or her costs. Other courts have identified factors that may be considered but, in the absence of other relevant factors, do not warrant an exercise of discretion under Rule 54(d). An example of a relevant but insufficient basis for denying costs is the good faith a losing party demonstrates in filing, prosecuting or defending an action. Another is the propriety with which the losing party conducts the litigation."
White White, Inc. v. American Hospital Supply Corp. (C.A. 6, 1986),786 F.2d 728, 730 (internal quotations and citations omitted).
 {¶ 5} We see no reason why the Sixth Circuit's interpretation of Fed.Civ.R. 54(d) and the guidelines applied should not be utilized in construing Ohio's Civ.R. 54(D). We interpret Ohio's Civ.R. 54(D) as creating a presumption in favor of allowing costs to the prevailing party, but permitting denial of costs in the reasonable *Page 5 
exercise of the trial court's discretion. The trial court may, in its discretion, deny costs to the prevailing party or otherwise allocate costs, where an expense is unusual in type or amount, where because of the prevailing party's conduct it is inequitable to assess against the non-prevailing party, or where the circumstances otherwise reasonably dictate. See Fant v. Greater Cleveland Regional Transit Auth. (July 15, 1993), Cuyahoga App. No. 63097.
 {¶ 6} We also recognize that in seeking costs under Civ.R. 54(D), the prevailing party has the burden of establishing that the expenses it seeks to have taxed as costs are authorized by applicable law. SeeHall v. Ohio Educ. Ass'n (S.D. OH 1997), 984 F.Supp. 1144, 1145. Once the court determines that an allowable cost is established, the burden rests upon the objecting party to overcome the presumption favoring an award of costs to the prevailing party. See Elabiad v. Trans-WestExpress, LLC, (N.D. OH June 30, 2006), No. 3:03CV7452, 2006 U.S. Dist. LEXIS 48252.
 {¶ 7} In this case, Naples sought to have certain litigation expenses taxed as costs. The trial court denied Naples' motion without explanation. As no reason was stated for the denial and the basis for the denial is not apparent from the record before us, we are unable to determine whether there was an abuse of discretion in the denial of costs to the prevailing party, and we must remand the matter for further consideration consistent herewith.
 {¶ 8} We reiterate that in order to tax a certain expense as a cost, the court *Page 6 
must determine that the expense is an allowable cost. The Ohio Supreme Court "has consistently limited the categories of expenses which qualify as `costs.'" Centennial Ins. Co. v. Liberty Mut. Ins. Co. (1982),69 Ohio St.2d 50. "Costs are generally defined as the statutory fees to which officers, witnesses, jurors and others are entitled for their services in an action and which the statutes authorize to be taxed and included in the judgment." (Emphasis added.) Williamson v. AmeritechCorp., 81 Ohio St.3d 342, 1998-Ohio-347, 1998-Ohio-625, quotingBenda v. Fana (1967), 10 Ohio St.2d 259, paragraph one of the syllabus. Costs do not necessarily cover all of the expenses incurred by a party and are distinguishable from fees and disbursements. Vance,64 Ohio St.3d at 555. "The subject of costs is one entirely of statutory allowance and control." Williamson, 81 Ohio St.3d at 343, quotingState ex rel. Michaels v. Morse (1956), 165 Ohio St. 599, 607.[2]
 {¶ 9} The breakdown of litigation expenses that Naples sought to recover as costs was as follows:
 (1) Trial deposition fees of plaintiff's medical expert, $1,500.00;
 (2) Videotape recording fees for the trial deposition of plaintiff's medical expert, $390.00;
 (3) Videotape playback fees at the trial of the deposition of plaintiff's medical expert, $260.00;
 (4) Attendance of a court reporter at the trial deposition of his *Page 7 
medical expert and transcript preparation fees for the filing of the deposition transcript of plaintiff's medical expert, $500.00;
 (5) Copying and mounting of trial exhibits for jury review by FedEx Kinko's, $52.68;
 (6) Copying of trial exhibits for introduction at trial, $26.20;
 (7) Medical expert report preparation fee and copies of records of plaintiff's medical expert, $255.82.
 {¶ 10} In reviewing the items listed by Naples, we find that several of the items are not costs that may be taxed under Civ.R. 54(D).
 {¶ 11} We find Naples' argument concerning whether expert witness fees should be taxed as a cost unpersuasive. Naples fails to cite any statutory authority that would provide for the recovery of his expert's fees as costs in this matter. Both the Ohio Supreme Court and this court have found that absent statutory directive, a trial court should not tax an expert witness's fees as costs. See Moore v. General Motors Corp.,Terex Div. (1985), 18 Ohio St.3d 259, 260; Bates v. Ricco (Nov. 18, 1999), Cuyahoga App. No. 74982. Accordingly, the expert witness fees relating to the deposition and expert report are not recoverable as costs by Naples.
 {¶ 12} Next, Naples cites R.C. 2319.27 and R.C. 2303.21 as statutory authority for awarding as costs the expenses in procuring the deposition of his medical expert and preparing the transcript. R.C. 2319.27
pertains to fees and expenses relating to the taking of a deposition. The Ohio Supreme Court concluded in Williamson, 81 Ohio St.3d at 291, that R.C. 2319.27 does not provide a statutory basis for taxing the services of a court reporter at a deposition as costs under Civ.R. 54(D). The court *Page 8 
also indicated that there is no statute authorizing the deposition expenses to be taxed. Id.
 {¶ 13} R.C. 2303.21 pertains to expenses of procuring a transcript or exemplification of a record as evidence and states that "expenses of transcript or exemplification shall be taxed in costs." The statute further instructs as follows: "When it is necessary in an appeal, or other civil action to procure a transcript of a judgment or proceeding, or exemplification of a record, as evidence in such action or for any other purpose, the expense of procuring such transcript or exemplification shall be taxed in the bill of costs and recovered as in other cases." (Emphasis added.) R.C. 2303.21 has been held to apply only to the expenses associated with the procuring of a transcript of a deposition when it is necessary, and does not apply to expenses relating to the attendance of the court reporter at the deposition. Brodess v.Bagent, Franklin App. No. 04AP-623, 2005-Ohio-20; see, also,Wingfield v. Howe, Cuyahoga App. No. 85721, 2006-Ohio-276. Accordingly, Naples is not entitled to recover court reporter expenses for attending the deposition of his medical expert.
 {¶ 14} R.C. 2303.21 has been found to apply to the expense of procuring a transcript of an expert's videotaped deposition that is used at trial. See Brodess, supra. As stated in Raab v. Wenrich, Montgomery App. No. 19066, 2002-Ohio-936, "[R.C. 2303.21] plainly classifies the expense of procuring a transcript of any `proceeding, or exemplification of a record' as a cost to be taxed and recovered in a *Page 9 
civil action when it is used `as evidence in such action or for any other purpose' that is `necessary.'" Upon remand of this matter, the trial court must consider whether the expense of procuring the transcript in this matter qualifies as a cost under this statute and, if so, the trial court shall assess the cost.
 {¶ 15} Also, when used as evidence at trial, C.P.Supp.R. 13(D)(2) allows the reasonable expenses of recording testimony on a videotape and playing the videotape at trial to be taxed as costs. Cave v.Conrad, 94 Ohio St.3d 299, 302, 2002-Ohio-793; Foreman v. Wright, Cuyahoga App. No. 82067, 2003-Ohio-5819; Wingfield v. Howe, supra.[3]
However, the cost of the videotape as a material must be borne by the proponent. C.P.Supp.R. 13(D)(1). Thus, the trial court could assess the expense of recording the videotape and playing it at trial as costs, but could not order appellant to pay the price of the videotape itself as a cost.[4] Here again, the trial court must consider the assessment of these costs on remand.
 {¶ 16} Finally, none of the copying and mounting expenses listed above are taxable costs. Naples fails to cite any statutory authority for the allowance of such expenses as costs. The Ohio Supreme Court has specifically found that photocopying expenses are not costs. State exrel. Toth v. Industrial Comm'n, *Page 10 80 Ohio St.3d 360, 363, 1997-Ohio-108. It has also been held that exhibit fees are not costs. Bush v. Cardinal Co., Harrison App. Nos. 02 539 CA, 02 HA 546, 2003-Ohio-5443. Further, the expense of obtaining medical records is not a taxable cost. Fulwiler v. Schneider (1995),104 Ohio App.3d 398, 412.
 {¶ 17} In the present case, the trial court did not assess costs in accordance with Civ.R. 54(D). Further, no determination was made as to allowable costs. Naples' sole assignment of error is sustained. We reverse the decision of the trial court and remand the matter for consideration in conformity with the law and this decision.
Judgment reversed and case remanded.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., J., and CHRISTINE T. MCMONAGLE, J., CONCUR.
[1] The staff note to this rule explains that "Rule 54(D) establishes the general guidelines for the assessment of costs. The rule, similar to § 2323.44, R.C., places ultimate responsibility for the assessment of costs upon the court, he to exercise his discretion unless a particular statute provides for specific assessment of particular costs. § 2323.42, R.C., for example, provides that if in certain actions the plaintiff recovers less than five dollars, plaintiff shall not recover costs.Ordinarily, under the rule costs will be allowed by the court to theprevailing party. In light of the rule, the judgment entry prepared under the supervision of the court in a money action, for example, would recite the amount to be recovered, interest if any, and which party shall recover costs." (Emphasis added.)
[2] In light of Vance, supra, and the other Ohio Supreme Court case law cited herein, we find that the two-step analysis set forth inJones v. Pierson (1981), 2 Ohio App.3d 447 and Bookatz v. Kupps (1987),39 Ohio App.3d 36, relied upon by appellant, is no longer the law to be applied for determining whether a litigation expense is a taxable cost.
[3] The Ohio Supreme Court has recognized that "the Ohio Rules of Superintendence have made videotaped deposition costs an exception to the long-standing principle that costs are allowed solely by statutory authority." Cave, 94 Ohio St.3d at 302.
[4] Appellee Kinczel conceded to the lower court in her brief in opposition to Naples' motion that these expenses are taxable as costs. *Page 1