[Cite as *Johnson v. New Direction IRA F.B.O.*, 2018-Ohio-4608.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 106628

**DARIS A. JOHNSON**

PLAINTIFF-APPELLEE

vs.

**NEW DIRECTION IRA F.B.O.
KING C. LAM, ET AL.**

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-16-865930

**BEFORE:** Laster Mays, J., E.A. Gallagher, A.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** November 15, 2018

-i-

**ATTORNEY FOR APPELLANTS**

Christopher J. Mallin
367 North Cleveland Avenue
Mogadore, Ohio 44260


**ATTORNEYS FOR APPELLEE**

Kathryn J. Carlisle-Kesling
Buckley King L.P.A.
1400 Fifth Third Center
600 Superior Avenue East
Cleveland, Ohio 44114


ANITA LASTER MAYS, J.:

{¶1} Defendants-appellants New Direction IRA FBO King C. Lam IRA ("Lam IRA"), New Direction IRA, Inc. ("N.D. IRA"), and King C. Lam ("K. Lam") (Lam IRA, N.D. IRA, and K. Lam collectively "Lam") appeal the trial court's grant of summary judgment and award of damages, fees, and costs in favor of plaintiff-appellee Daris A. Johnson ("Johnson") arising from a dispute regarding a real property easement. We affirm the trial court's judgment.

## I.     Background and Facts

{¶2} In April 2016, Johnson purchased a single family residence located on Denison Avenue in Cleveland, Ohio ("Johnson Parcel"). The sole ingress and egress to Denison Avenue for the otherwise landlocked Johnson Parcel is over the driveway of the neighboring property owned by Lam ("Lam Parcel"). The previous owner of the Johnson Parcel informed Johnson prior to the purchase that an easement existed allowing the driveway to be shared with the Lam Parcel.

**{¶3}** After Johnson moved into the Johnson Parcel, occupants of the Lam Parcel constructed a fence that blocked Johnson's use of the easement as well as any other access including utility and mail delivery. Johnson was unable to completely move into, remodel, repair, insure, finance, or sell the property. Lam failed to remove the fence after receipt of certified notice from Johnson regarding Lam's unlawful interference with the easement.

**{¶4}** On July 8, 2016, Johnson filed the instant action, seeking a temporary restraining order, injunctive relief, a declaratory judgment, and damages for trespass resulting from Lam's wrongful obstruction of access between the Johnson Parcel and Denison Avenue. Johnson alleged that a written and recorded driveway and utility easement afforded legal access. Lam answered and counterclaimed for trespass, malicious prosecution, and a declaratory judgment on the ground that the easement was terminated by agreement of prior owners of the parcels or, alternatively, by the fiscal officer's tax foreclosure sale of the Johnson Parcel in 2015.

**{¶5}** On January 23, 2017, Lam moved for summary judgment to deny Johnson's claims and grant Lam's counterclaims. On January 27, 2017, Johnson moved for summary judgment to grant Johnson's claims and deny Lam's counterclaims. On October 24, 2017, the trial court issued a judgment and opinion granting summary judgment in favor of Johnson and against Lam. The trial court declared that the easement was still in effect. Lam was ordered to remove all obstructions and was enjoined from further interference.

**{¶6}** Lam filed a motion for relief from judgment on November 3, 2017. After a hearing on damages, the trial court issued a November 17, 2017 judgment entry and opinion awarding Johnson $1,635 for loss of use of the Johnson Parcel, $956.90 as litigation costs, and attorney fees for projects undertaken from October 24, 2017 to the November 15, 2017 hearing date. The trial court also stated that the motion to vacate would be held in abeyance until a

final appealable order was entered. On November 17, 2017, the trial court issued a journal entry indicating that it was a final order in the case. *See* Journal Entry No. 101424481 (Nov. 17, 2017).

{¶7} On November 27, 2017, Johnson filed his opposition to Lam's request for relief from judgment. On November 28, 2017, the trial court denied Lam's motion for relief from judgment pursuant to Civ.R. 60(B). Lam "failed to establish a meritorious defense or claim and failed to demonstrate that they are entitled to relief under one of the grounds stated in Civ.R. 60(B)(1)-(5)." *See* Journal Entry No. 101518137 (Nov. 28, 2017).

{¶8} On December 19, 2017, Lam appealed the November 20, 2017 judgment. We find that Lam's claims lack merit and affirm the trial court's determination.

## II.     Assignments of Error

{¶9}     Lam proffers three assigned errors:

I.      The trial court erred in granting summary judgment in favor of Johnson on the question of the existence of an easement in favor of Johnson burdening the real estate of appellants.

II.     The trial court erred in denying summary judgment to appellants on the question of the existence of an easement in favor of appellants burdening the real estate of the appellants.

III.    The trial court erred in awarding monetary damages in favor of appellants.

## III.    Analysis

{¶10} We first observe that Lam has failed to cite legal authority to support their arguments. Instead, Lam relies on statutes and a representation that the case is one of first impression. We may disregard an assignment of error under App.R. 12(A)(2) where an appellant fails to cite legal authority required by App.R. 16(A)(7). *Colosimo v. Kane*, 8th Dist.

Cuyahoga No. 101053, 2015-Ohio-3337, ¶ 59.   This court elects to address the legal arguments in this case to the extent it deems necessary to serve justice and the interests of the parties.

## A.      Summary Judgment

{¶11}   We combine the first and second assignments of error challenging the trial court's summary judgment determinations.

### 1.      Standard of Review

{¶12}   We review a trial court's entry of summary judgment de novo, using the same standard as the trial court.   *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).   Summary judgment may only be granted when the following is established:

> (1) [T]hat there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and the conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in its favor.

*Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978); Civ.R. 56(E).

{¶13} The party moving for summary judgment bears the initial burden of apprising the trial court of the basis of its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of fact on an essential element of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996).   "Once the moving party meets its burden, the burden shifts to the nonmoving party to set forth specific facts demonstrating a genuine issue of material fact exists."   *Willow Grove, Ltd. v. Olmsted Twp.*, 8th Dist. Cuyahoga No. 101996, 2015-Ohio-2702, 38 N.E.3d 1133, ¶ 15, citing *Dresher*.   "To satisfy this burden, the nonmoving party must submit evidentiary materials showing a genuine

dispute over material facts." *Id.*, citing *PNC Bank v. Bhandari*, 6th Dist. Lucas No. L-12-1335, 2013-Ohio-2477.

### 2. History of the Properties

{¶14} Pivotal to the analysis of the validity of the easement is the history of the properties.

### a. 1948 Easement

{¶15} According to the record, Arthur A. and Edith N. Skeels owned three acres of land that included the Lam Parcel and the Johnson Parcel. In 1912, the Skeels conveyed the land to Victor E. Ray.

{¶16} Johnson and Lam agree that an eight foot wide, 185.12 foot express easement was created in 1948 for the benefit of the Johnson Parcel and burdening the Lam Parcel when Ray subsequently conveyed the Johnson Parcel to Walter E. and Madeline L. Bindel:

> The grantor herein also conveys to the grantee an easement over and upon an 8 foot strip of land * * * which is also to be used only for the purpose of ingress and egress to and from the property herein conveyed, and further grants the right of access to his property for the purpose of maintenance and repair of all utility lines running through and/or over said Grantor's premises [Lam Parcel at 4022 Denison Avenue], which service the property herein conveyed.

{¶17} Also in 1948, Ray transferred the Lam Parcel to Earl L. and Elsie R. Moore. The deed provides that the easement grant is subject to:

> [A]n easement over and upon an 8 foot strip of land * * * which is to be used only for the purpose of ingress and egress to and from the property adjoining premises herein described on the [n]orth [Johnson Parcel at 4020 Denison] and subject further, to the right of access to the above described premises for the purpose of maintenance and repair of all utility lines running through and/or over such premises which service the said property adjoining same to the [n]orth.

**{¶18}** Both grants are to the "Grantees, their heirs and assigns forever." Thus, the deeds created an express easement appurtenant that runs with the land. *Miller v. Romanauski*, 8th Dist. Cuyahoga No. 100120, 2014-Ohio-1517, ¶ 16.

### b. The 1983 Easement Modification Agreement

**{¶19}** On April 7, 1950, the Bindells transferred the Johnson Parcel to William F. and Thelma E. McCarty expressly subject to the easement terms. On August 20, 1956, the McCartys transferred the Johnson Parcel to Florence Moriana. The deed expressly recites the 1948 easement.

**{¶20}** The August 7, 1953, a deed transferring the Lam Parcel from the Moores to Alene and Lester Keller contained the easement language. On October 5, 1983, Gloria Diana Shearer acquired fee simple ownership of the Lam Parcel. The easement language is not expressly recited but the exceptions to the guaranty against encumbrances include easements of record.[1]

**{¶21}** On October 15, 1983, Gloria Diane Shearer n.k.a. Gloria Ferris as fee simple owner of the Lam Parcel, and Florence Pietrosini a.k.a. Florence Moriana as fee simple owner of the Johnson Parcel entered into an agreement regarding the easement ("1983 Agreement"). The 1983 Agreement purports to amend the easement to provide that: (1) the easement shall be used as a driveway for residential purposes and solely as ingress and egress to and from the parcels of the parties; (2) the parties and their grantees, heirs, legal representatives, and assigns shall equally bear the costs of maintenance, snow removal, and replacement of the driveway; and (3) the agreement shall run with the land.

### c. 1999 Easement Modification Agreement

---

[1] On April 1, 1985, Gloria Shearer Ferris transferred title to the Lam Parcel by survivorship deed to herself and her husband, Timothy A. Ferris. The deed does not reference the easement.

**{¶22}** On January 14, 1999, Gloria Ferris and Robert Moriana transferee of Florence Moriana a.k.a. Pietrosini, entered into an additional agreement intended to modify the easement ("1999 Agreement"). A copy of the 1983 Agreement is attached as an exhibit to the 1999 Agreement. The 1999 Agreement requires that the parties share sewer maintenance costs equally and provide prior written notice to the other party of scheduled sewer line repairs or maintenance. The agreement also provides that

> any violation of the terms and conditions of the ingress and egress easement by the owner of the [Johnson Parcel], will result in the immediate termination of the easement, upon written notice by Ferris [owner of the Lam Parcel], to Robert Moriana[2] or the then current owner of 4020 Denison.

### d. Easement Termination Notice

**{¶23}** On August 20, Robert N. Moriana transferred the Johnson Parcel with appurtenances[3] to Julia A. Wery and represented that the property was free from encumbrances including matters appearing on the plat. Wery transferred the property to herself and Michael Luchansky by a survivorship deed on September 19, 2003. The conveyance also transferred all rights and easements pursuant to R.C. 5302.04 (conveying all interests "unless the contrary is stated in the deed, and it is unnecessary to enumerate or mention them either generally or specifically").

**{¶24}** On August 6, 2003, Gloria Shearer Ferris hand-delivered a letter to Wery terminating the easement immediately due to Wery's violations of the easement conditions except to allow "emergency vehicles, safety vehicles, government functionaries who require

---

[2] The transfer to Robert Moriana from Florence Moriana on August 5, 1997, was by an estate by the entireties with survivorship deed containing the express easement language.

[3] Conveyance of property "'with appurtenances thereto'" clearly conveys an "easement appurtenant." *Zelch v. Samonte*, 8th Dist. Cuyahoga No. 58283, 1991 Ohio App. LEXIS 1222, at 5 (Mar. 21, 1991), citing *Benninghoff v. Skinner*, 63 Ohio App. 184, 25 N.E.2d 948 (7th Dist.1938), and *Boatman v. Lasley*, 23 Ohio St. 614, 1873 Ohio

access to the property in matters concerning the health and welfare of your brother Mike Luchansky or you, yourself."   The termination letter was not recorded in the county records.

### e.        Subsequent Chain of Title

**{¶25}** On October 31, 2007, the Lam Parcel was transferred by sheriff's deed to Christiana Bank and Trust.[4]   Janet Carrico obtained the Lam Parcel from the bank on December 7, 2007, by deed that conveyed the property with appurtenances and provided that the deed is accepted subject to "easements, covenants and conditions of record."   Lam obtained title to the Lam Parcel from Carrico on May 19, 2015.   The property was conveyed free of liens and encumbrances except for "easements (however created)."

**{¶26}** As to the Johnson Parcel, Wery died on September 23, 2007.   The Johnson Parcel was reportedly vacant until California 4 Aces UP LLC obtained title by Fiscal's Officer's Deed issued as the result of a forfeited land sale due to unpaid taxes and assessments on April 28, 2015.

**{¶27}**   On June 1, 2015, the Johnson Parcel was conveyed to Cuyahoga Real Property Investments, L.L.C.   The conveyance was subject to "all easements, rights of way, protective covenants, and mineral reservations of record, if any."

**{¶28}** On September 15, 2015, the Johnson Parcel was deeded to Doug Brooks with an express reference to the easement.   On April 6, 2016, the Johnson Parcel was transferred to Johnson without specific reference to the easement.[5]

---

LEXIS 166 (1873).

[4]  A sheriff's deed transfers all of the interest and estate of the prior owner, "whether it existed at the time the property became liable to satisfy judgment, or was acquired afterward."   R.C. 2329.37.

[5]  "In a conveyance of real estate or any interest therein, all rights, easements, privileges, and appurtenances belonging to the granted estate shall be included in the conveyance, unless the contrary is stated in the deed, and it is unnecessary to enumerate or mention them either generally or specifically."   R.C. 5302.04.

### 3. Analysis

**{¶29}** Lam posits that the easement was terminated by the termination letter and that Johnson is not entitled to the protections afforded to a bona-fide purchaser for value. Alternatively, Lam argues that the conveyance by the fiscal officer's deed in 2015 conveys no greater interest than that contained in the legal description pursuant to R.C. 5723.12. We find that the trial court provided a salient analysis of the issues and did not err.

**{¶30}** An easement is a property interest in the land of another that allows the owner * * * "a limited use of the land in which the interest exists." *Merrill Lynch Mtge. Lending, Inc. v. Wheeling & Lake Erie Ry.* Co., 9th Dist. Summit No. 24943, 2010-Ohio-1827, ¶ 10, quoting *Colburn v. Maynard*, 111 Ohio App.3d 246, 253, 675 N.E.2d 1333 (1996). Pursuant to the statute of frauds, the easement interest must be in writing, and signed by the parties or their agents authorized to grant the interest. *Hts. Bldg. Co. v. Swiss Laboratory, Inc.*, 8th Dist. Cuyahoga No. 33629, 1975 Ohio App. LEXIS 6603, 4 (June 12, 1975), R.C. 1335.04 and 1335.05.

**{¶31}** The party claiming the easement bears the burden of proof. *Gateway Park, LLC v. Ferrous Realty, Ltd.*, 8th Dist. Cuyahoga No. 91082, 2008-Ohio-6161, ¶ 27, citing *Douglas v. Athens Masonic Temple Co.*, 115 Ohio App. 353, 357, 185 N.E.2d 316 (4th Dist.1961). The extent of and limitations on the use of the easement turns on the language where the easement is created by an express grant as in this case. *State ex rel. Wasserman v. Fremont*, 140 Ohio St.3d 471, 2014-Ohio-2962, 20 N.E.3d 664, ¶ 28, citing *Alban v. R.K. Co.*, 15 Ohio St.2d 229, 231-232, 239 N.E.2d 22 (1968).

**{¶32}** The original easement was expressly created in the 1948 deed and was properly executed, notarized, witnessed, and recorded. The easement is deemed to be an easement

appurtenant that "runs with the land," benefitting the owner of the Johnson Parcel, known as the dominant estate, and burdening the Lam Parcel, known as the servient estate. *Gateway Park LLC* at ¶ 28.

**{¶33}** As the trial court observed, "[o]nce an easement appurtenant is established, it attaches to the dominant estate and passes with every conveyance of that estate, even without mention of the easement in the conveyance. "*Miller*, 8th Dist. Cuyahoga No. 100120, 2014-Ohio-1517, at ¶ 16, citing *Merrill Lynch Mtge. Lending Inc.*, 9th Dist. Summit No. 24943, 2010-Ohio-1827, at ¶ 30, citing *Shields v. Titus*, 46 Ohio St. 528, 22 N.E. 717 (1889). *See also* R.C. 5302.04.

**{¶34}** An easement is an "interest in land" pursuant to the statute of frauds that must be in writing, and signed by the parties or their agents authorized to grant the interest. R.C. 1335.04 and 1335.05; *Hts. Bldg. Co.*, 8th Dist. Cuyahoga No. 33629, 1975 Ohio App. LEXIS 6603, at 4, citing *Tusi v. Jacobsen*, 134 Ore. 505, 293 P. 587 (1930). A parol agreement does not modify an easement agreement because it would run afoul of the statute of frauds. *Id.* at *Id.*

**{¶35}** The trial court determined that the 1983 Agreement validly amended the easement, and Johnson does not contest the issue. The agreement was signed, notarized, and recorded by the fee simple owners of the parcels. The 1983 Agreement specifically recites that the easement "runs with the land" meaning that the current and subsequent owners of the Johnson Parcel and Lam Parcel are bound by the easement.

**{¶36}** After acquiring title to the Lam Parcel in 1983, Gloria Shearer married Timothy Ferris on March 17, 1984. On April 1, 1985, Gloria Shearer Ferris transferred title to the Lam Parcel to herself and her husband by deed conveying an estate by the entireties with a right of survivorship.

{¶37} The common-law definition of an estate by the entireties is codified at R.C. 5302.17. Each spouse has an undivided interest in the entire estate. *Cent. Natl. Bank v. Fitzwilliam*, 12 Ohio St.3d 51, 53, 465 N.E.2d 408 (1984). "[T]he most significant feature of the common-law estate by the entireties is the inability of one spouse, without the consent or acquiescence of the other, to convey, bind, encumber, sever, or otherwise alienate the property." *Id*.

{¶38} The 1999 Agreement was intended to modify the scope of the easement. Timothy Ferris did not sign the 1999 Agreement rendering the 1999 Agreement unenforceable. *Id*. *See also* R.C. 1335.04 and 1335.05. There is no evidence that Gloria Shearer Ferris signed as an agent of Timothy Ferris. "'An agency relationship is not presumed between husband and wife simply based upon their marital relationship.'" *Eske Properties v. Sucher*, 2d Dist. Montgomery No. 19840, 2003-Ohio-6520, ¶ 97, quoting *McSweeney v. Jackson* 117 Ohio App.3d 623, 630, 691 N.E.2d 303 (4th Dist.1996).

{¶39} "[T]he proper filing of a conveying instrument that comports with R.C. 5301.01 will impute constructive notice of that document, and its incorporated encumbrances, upon the purchaser." *H&S Co. v. Aurora*, 11th Dist. Portage No. 2003-P-0104, 2004-Ohio-3507, ¶ 14; R.C. 5301.25(A). "'[A] bona fide purchaser for value is bound by an encumbrance upon land only if he has constructive or actual knowledge of the encumbrance'" *Id.,* quoting *Tiller v. Hinton*, 19 Ohio St.3d 66, 68, 482 N.E.2d 946 (1985).

{¶40} The lack of actual or constructive notice to Johnson supports the trial court's determination that Johnson was a bona fide purchaser for value under R.C. 5301.25(A). The fence was constructed after Johnson acquired ownership of the Johnson Parcel, and the notice of termination was not recorded in the real estate records.

**{¶41}** As the trial court observed, assuming arguendo that the 1999 Agreement was a valid amendment, the termination was not enforceable against Johnson as a bona fide purchaser for value. *Johnston v. Faith Baptist Church, Inc.*, 3d Dist. Allen Case No. 1-87-14, 1989 Ohio App. LEXIS 1571, 7 (Apr. 26, 1989), citing *Tiller* at 68-69, addressing unrecorded easements.

**{¶42}** Lam's argument that the transfer by forfeiture deed voids the validity of the easement pursuant to R.C. 5723.12 also fails. Transfer by forfeiture deed

> is free of all liens and encumbrances except * * * any easements and covenants
> running with the land that were created prior to the time the taxes or assessments,
> for the nonpayment of which the land was forfeited, became due and payable.

R.C. 5723.12(B). *See also*, *Cookston v. Box*, 109 Ohio App. 531, 538, 160 N.E.2d 327 (8th Dist.1959), citing *Mogren v. A. P. Invest. Co.*, 102 Ohio App. 388, 131 N.E.2d 620 (8th Dist.1956).

**{¶43}** The forfeited land sale of the Johnson Parcel occurred on April 28, 2015. The easement was created in 1948 and amended in 1983. Lam has provided no evidence that the statutory exception does not apply in this case. The easement was not terminated or extinguished by the forfeiture deed.

**{¶44}** We find that the first and second assigned errors lack merit.

**B.    Damages**

**{¶45}** Lam's challenge to the damages award is also unsupported by legal authority and merely opines that certain damages should not have been awarded. We find that the third assigned error lacks merit.

**{¶46}** Johnson requested $22,339 in attorney fees pursuant to Civ.R. 54(D). "Ohio courts follow the 'American Rule,' which requires that each party involved in litigation pay his or her own attorney fees." *MRI Software, L.L.C. v. W. Oaks Mall FL, L.L.C.*, 8th Dist.

Cuyahoga No. 105846, 2018-Ohio-2190, ¶ 38, citing *McConnell v. Hunt Sports Ent.*, 132 Ohio App.3d 657, 699, 725 N.E.2d 1193 (10th Dist.1999), citing *Sorin v. Bd. of Edn.*, 46 Ohio St.2d 177, 179, 347 N.E.2d 527 (1976).

{¶47} There are "three well-recognized exceptions" to the American Rule: "(1) where statutory provisions specifically provide that a prevailing party may recover attorney fees, (2) where there has been a finding of bad faith, and (3) where the contract between the parties provides for fee shifting." *Id.* at ¶ 38. There are no statutory provisions or fee-shifting contracts in play in this case.

{¶48} The trial court determined that Lam's legal position was not based on bad faith or malicious intent until October 24, 2017, when Lam ignored the trial court's directive to remove the fence obstructing the easement. The trial court awarded attorney fees for work undertaken by Johnson's counsel after October 24, 2017, until the November 15, 2017 hearing date. We find that the trial court's determination was not in error but observe that the amount of that award is not included in the trial court's entry.

{¶49} Johnson also requested $1,375.00 for expert fees and litigation costs pursuant to Civ.R. 54(D). A trial court's discretion in awarding costs to a prevailing party under Civ.R. 54(D) is broad. *Naples v. Kinczel*, 8th Dist. Cuyahoga No. 89138, 2007-Ohio-4851, ¶ 3, citing *State ex rel. Estate of Hards v. Klammer*, 110 Ohio St.3d 104, 107, 2006-Ohio-3670, 850 N.E.2d 1197.

{¶50} We affirm the trial court's denial of expert witness fees. "Both the Ohio Supreme Court and this court have found that absent a statutory directive, a trial court should not tax an expert witness's fees as costs." *Naples* at ¶ 11, citing *Moore v. General Motors*

*Corp., Terex Div*., 18 Ohio St.3d 259, 260, 480 N.E.2d 1101 (1985); *Bates v. Ricco*, 8th Dist. Cuyahoga No. 74982, 1999 Ohio App. LEXIS 5452 (Nov. 18, 1999).

**{¶51}** Johnson requested $1,533.29 in litigation costs. A presumption exists under Civ.R. 54(D) "in favor of allowing costs to the prevailing party, but permitting denial of costs in the reasonable exercise of the trial court's discretion." *Naples* at ¶ 5. The burden shifts to the opposing party to overcome the presumption once the court finds that the cost is allowable. *Id*. at ¶ 6, citing *Elabiad v. Trans-West Express, L.L.C.*, N.D.Ohio No. 3:03CV7452, 2006 U.S. Dist. LEXIS 48252 (June 30, 2006).

**{¶52}** The trial court awarded costs for the cost of the title examinations, filing fees, copying and document fees, and electronic research services in the amount requested. We do not find that the trial court abused its discretion.

**{¶53}** Johnson also sought compensatory damages for the deprivation of his right to access the property. The damages were assessed based on property taxes incurred from the time that Johnson obtained title to the Johnson Parcel. The trial court awarded $1,635 representing property taxes for the period of April 30, 2016, to the damages hearing on November 15, 2017.

**{¶54}** A servient estate does not have the right to interfere with the dominant estate's use of the property. *Langhorst v. Riethmiller*, 52 Ohio App.2d 137, 139, 368 N.E.2d 328 (1st Dist.1977). "The general rule, simply stated, is that the servient estate may 'use his land for any purpose that does not interfere with the easement.'" *Id*., quoting *Gibbons v. Ebding*, 70 Ohio St. 298, 71 N.E. 720 (1904). The owner of the dominant estate is entitled to compensatory damages for interference by the servient estate with the easement rights. *Kuntz v. Richter*, 1st Dist. Hamilton No. C-76138, 1977 Ohio App. LEXIS 8819, 2 (Mar. 30, 1977).

**{¶55}** The Ohio Supreme Court has recognized that the general measure of damages based on diminution of market value of the property caused by the opposing party's interference is "unduly restrictive" in some cases and "does not recognize that some flexibility is permissible in the ascertainment of damages suffered in the appropriate situation."[6] *Apel v. Katz*, 83 Ohio St.3d 11, 20, 1998-Ohio-420, 697 N.E.2d 600, citing *Thatcher v. Lane Constr. Co.*, 21 Ohio App.2d 41, 48-49, 254 N.E.2d 703 (10th Dist.1970).

**{¶56}** The construction of the fence by Lam on the landlocked parcel rendered the Johnson Parcel effectively unusable and inaccessible. The sole request by Johnson for this inconvenience was reimbursement for taxes that accrued on the property during the period. We find that the facts of this case pose an "appropriate situation" to apply the "flexibility" cited in *Apel* and that the assessment of damages for the period is not unreasonable or an abuse of discretion. *Id*.

**{¶57}** The third assigned error is without merit, and the trial court's judgment is affirmed.

## IV. Conclusion

**{¶58}** The trial court's judgment is affirmed. The case is remanded to the trial court for the limited purpose of specifying the amount of the attorneys' fees awarded for the period October 24, 2017, to November 15, 2017.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

---

[6] The *Apel* court affirmed the award of compensatory and punitive damages against the servient estate relating to a trespass claim by the dominant estate.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

EILEEN A. GALLAGHER, A.J., and
MARY EILEEN KILBANE, J., CONCUR